Drew O. BACON, et al., Petitioners,

v.

Harold JORDAN, et ux., Respondents.

No. C–7022.

Supreme Court of Texas.

Nov. 30, 1988.

Rehearing Denied Jan. 25, 1989.

J.C. Zbranek, Zbranek Hight & Cain, P.C., Liberty, for petitioners.

Glen L. Kirby, Kountze, for respondents.

OPINION

GONZALEZ, Justice.

Drew and Cheryl Bacon brought a trespass to try title action against Harold and Helen Jordan, alleging that the Jordans unlawfully possessed a certain tract of land in Hardin County. The Jordans answered by pleading "not guilty" and by alleging title by limitations.

The trial court granted the Bacons' motion for an instructed verdict. The court of appeals invoked the doctrine of collateral estoppel and reversed the judgment of the trial court and in the interest of justice, remanded the cause to the trial court. 739 S.W.2d 629. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Mary Emma Jordan acquired 161.047 acres of land as her separate property by

general warranty deed in 1921. She died intestate on March 9, 1955, survived by her three children, Oscar, William and Beatrice. The surviving children held the 161.047 acres by undivided interests from the death of Mary Emma Jordan until July 2, 1973, when they partitioned the acreage into three tracts. Beatrice obtained Tract 1, Oscar obtained Tract 2, and William obtained Tract 3.

In 1953, Harold Jordan, son of Oscar Jordan, moved on to the 161.047 acres then owned by his grandmother, Mary Emma Jordan. The present controversy arose because the house in which Harold Jordan lives is located on Tract 3, the tract subsequently partitioned to his Uncle William.

On December 28, 1973, William contracted to sell all of Tract 3 to the Bacons by contract for deed, which was recorded on the same day. On March 13, 1975, Harold Jordan and wife signed a document entitled "Acknowledgement of Tenancy," whereby they admitted that they were tenants of the Bacons. They further agreed to vacate the premises upon 30 days' notice. On January 10, 1978, the land was conveyed to the Bacons by general warranty deed. On September 9, 1979, the Bacons demanded possession from the Jordans. The Jordans repudiated the tenancy agreement and refused to vacate. The Bacons then instituted a forcible detainer suit. The Bacons prevailed and the Jordans appealed to the county court.

At a trial de novo in the county court, the jury found that the tenancy agreement was obtained by fraud. Consequently, the county court denied the Bacons' suit for possession of the 4.16 acres. The Bacons then instituted this trespass to try title proceeding in district court.

The trial judge granted portions of a motion in limine filed by the Bacons which prohibited the county court record and jury finding of fraud from being introduced into evidence. At the conclusion of their case in chief, the Bacons rested, at which time the Jordans rested without presenting any evidence. Both sides asserted that they were entitled to judgment as a matter of law and the trial court rendered judgment for the Bacons.

Although the court of appeals held that the Bacons had established title from a common source, it held that the doctrine of collateral estoppel applied, or could have applied, to permit the Jordans to introduce the fact that in a prior forcible detainer suit, a jury found that the tenancy agreement was obtained by fraud. The court of appeals held that this was error. 739 S.W. 2d at 633. Both parties filed applications for writ of error. The Bacons assert that it was error for the court of appeals to apply the doctrine of collateral estoppel, while the Jordans assert that the court of appeals erred in holding that the Bacons had proven title from a common source.

▆▆▆ Generally, under the doctrine of collateral estoppel, essential issues of fact determined and adjudged by a court of competent jurisdiction are binding in a subsequent action between the parties and those who stand in privity with them. *Wilhite v. Adams*, 640 S.W.2d 875, 876 (Tex. 1982). The fact that the tenancy agreement was obtained by fraud has no bearing on whether the Bacons had superior rights or title to the land in question. The only issue in the forcible detainer suit was the right of possession. Since the county court has no jurisdiction with regard to *title*, issues decided in this situation in that forum are not binding on the district court. Thus, collateral estoppel does not apply in this case. *See Haginas v. Malbis Memorial Found.*, 163 Tex. 274, 354 S.W.2d 368, 371 (1962); *Gentry v. Marburger*, 596 S.W. 2d 201, 203 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). We next consider whether the Bacons are entitled to judgment.

▆▆▆ In trespass to try title, in order to recover, the plaintiff must prevail on the strength of his own title and not on the weakness of his adversary's title. *Hejl v. Wirth*, 343 S.W.2d 226 (Tex.1961). The plaintiff must establish a prima facie right of title by proving: (1) a regular chain of conveyances from the sovereign; (2) a superior title out of a common source; (3) title by limitation; or (4) prior possession,

which has not been abandoned. *Plumb v. Stuessy*, 617 S.W.2d 667, 668 (Tex.1981). *Land v. Turner*, 377 S.W.2d 181, 183 (Tex. 1964). Proof of a common source may be shown by the pleadings of the parties, agreements and stipulations, certified copies of deeds, or evidence offered at trial. *State v. Noser*, 422 S.W.2d 594, 600 (Tex. Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.); Tex.R.Civ.P. 798.

To discharge their burden of proof, the Bacons introduced the following instruments into evidence: a general warranty deed, dated March 7, 1921, from Serazan Guedry conveying the 161.047 acres to Mary Emma Jordan; a plat showing, in metes and bounds, the acreage in question; an affidavit of heirship which sets out the surviving heirs at law of Mary Emma Jordan and her husband as Oscar, William, and Beatrice; a general warranty deed of partition, dated July 2, 1973; a contract for deed and general warranty deed by which William Jordan conveyed Tract 3 to the Bacons; and, the tenancy agreement. Thus, there is some evidence that the Bacons established that they had superior title from a common source.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.