Reversed and Remanded and Opinion
filed June 15, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00650-CV



Kennedy Con.,
Inc., Kennedy Ship & Repair, L.P., and Christopher Kennedy, Appellants 

v.

Glenn W.
Forman, Jr., Appellee 



On Appeal from
the 122nd District Court

Galveston County, Texas

Trial Court
Cause No. 06CV0959



 

OPINION 

The defendants in a trespass-to-try-title action
appeal the trial court’s summary judgment in favor of the plaintiff.  The
summary-judgment evidence does not show that that the plaintiff is entitled to
judgment as a matter of law on the grounds expressly stated in the
summary-judgment motion.  Accordingly, we reverse the trial court’s judgment
and remand for further proceedings consistent with this opinion.

Factual and Procedural
Background

Plaintiff/appellee Glenn W. Forman, Jr. filed this trespass-to-try-title
action against defendants/appellants Kennedy Con., Inc., Kennedy Ship &
Repair, L.P., and Christopher Kennedy (hereinafter collectively referred to as “Kennedy”). 
In his live pleading, Forman alleged that he is the owner in fee simple of the
following property in the City of Galveston in Texas:  (1) all of that part of
Lot 502 of Section One of the Trimble and Lindsey Survey of Galveston Island (hereinafter
“Lot 502”) that lies north of Port Industrial Boulevard, now known as
Harborside Drive, and south of Galveston Bay, and south of Parcel No. 1
described in the deed recorded under Galveston County Clerk’s file number
9038382, (2) all that part of Lot 502 that lies northerly of the property
described in the foregoing item (1), and (3) the strips and gores, if any,
between all property conveyed herein and abutting properties and land lying in
or under any public thoroughfare, opened or proposed, abutting or next to the
property, and including, but not limited to, the easterly one-half of abandoned
65th Street lying northerly of Channelview Drive (hereinafter collectively referred
to as the “Property”).  

For purposes of this appeal, we use the following
shorthand terminology in referring to three different parts of the Property:

Tract One. The part of Lot 502 that lies north of
Harborside Drive and south of Galveston Bay is “Tract One.”  

Tract Two.  The part of Lot 502 that lies north of
Tract One and is submerged under Galveston Bay is “Tract Two.” 

Tract Three.  In 1968, the City of Galveston
abandoned the part of the  “street right-of-way” known as 65th Street that was
north of Channelview Drive and south of Galveston Bay.[1]  The
eastern half of the real property that was formerly burdened by this abandoned right-of-way
is “Tract Three.”  

To aid in understanding the general
location of these tracts, we provide the following diagram:[2]



            In his live petition,
Forman sought judgment for title to and possession of the Property.  Kennedy
filed an answer in which Kennedy pleaded “not guilty”; however, Kennedy did not
file a counterclaim.  

Forman filed a traditional motion for summary
judgment, in which he asserted that there was no genuine issue of material fact
and that he was entitled to judgment, as a matter of law, that he owns the
Property.  Forman asserted the following in this motion:

·       
Forman is the owner in fee simple of the Property.

·       
Forman was in possession of the Property on or about July 2006,
when Kennedy unlawfully entered upon and dispossessed Forman of a portion of
the Property.

·       
Kennedy has constructed improvements on a portion of the Property
and has withheld possession of the Property from Forman.

·       
As shown by the affidavit of Roland Bassett, Forman is the owner
of Tract Three.  

·       
In December 1968, the City of Galveston abandoned the part of 65th
Street north of Channelview Drive and south of Galveston Bay.  As a result of
this abandonment, the owner of the land to the east of Tract Three acquired fee
simple title to Tract Three.  Because Forman is now the owner of Tract Two, he
is the fee simple owner of Tract Three.  

·       
Neither Kennedy nor Kennedy’s predecessors in title have ever
owned Tract Three.

·       
Kennedy’s claim for adverse possession fails as a matter of law. 


Kennedy filed a response in opposition to Forman’s
motion for summary judgment, and Kennedy also moved for summary judgment,
asserting that Kennedy Con., Inc., as a matter of law, is entitled to judgment
for title to and possession of Tract Three. Kennedy also filed a supplemental
motion for summary judgment.

Forman filed a supplemental motion for summary
judgment in which he argued that, even though Tract Two is submerged under
Galveston Bay, the State of Texas does not have title to Tract Two because
Tract Two falls within the scope of the land conveyed in a 1915 patent from the
State of Texas to J.J. Kane (hereinafter “Patent”).  Forman notes Kennedy’s
argument that the Patent conveyed certain submerged lands north of the
northline of Tract Three and did not convey the part of Tract Two next to Tract
Three (hereinafter “Neighboring Tract”).  Forman asserts that, even if the
Patent does not cover the Neighboring Tract, then this part of Tract Two was
not submerged in 1915 and was subject to private ownership.  In his
supplemental motion, Forman asks that the trial court award him judgment for
title as to Tract Three.  

After an oral hearing, the trial court rendered a
final summary judgment in Forman’s favor.  In this judgment, the trial court
granted Forman’s motions for summary judgment and denied Kennedy’s motions for
summary judgment.  The trial court stated that Tract One and Tract Two are
Forman’s property.  The trial court determined as a matter of law that Forman
is the owner of Tract Three and that Forman is entitled to full and complete
possession of Tract Three, to the full and complete exclusion of Kennedy.  The
trial court ruled that Kennedy has no legal or equitable interest in Tract
Three.  The court ordered Kennedy to remove any improvements constructed by
Kennedy on Tract Three and to remove any of Kennedy’s personal property from
Tract Three.  

Issues and Analysis

On appeal, Kennedy asserts that the trial court held
a “de facto bench trial” by hearing live testimony at the summary-judgment
hearing.  In the first issue, Kennedy asserts that the trial court erred in
granting summary judgment for Forman because the summary-judgment record does
not prove as a matter of law that Forman owns Tract Three.  In the second
issue, Kennedy asserts that the trial court erred in rendering judgment for
Forman after the “de facto bench trial.”

In a traditional motion for summary judgment, if the
movant’s motion and summary-judgment evidence facially establish his right to
judgment as a matter of law, the burden shifts to the nonmovant to raise a
genuine, material fact issue sufficient to defeat summary judgment.  M.D. Anderson
Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  In our
de novo review of a trial court’s summary judgment, we consider all the
evidence in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not.  Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence raises a genuine
issue of fact if reasonable and fair-minded jurors could differ in their
conclusions in light of all of the summary-judgment evidence.  Goodyear Tire
& Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  When, as in
this case, the order granting summary judgment does not specify the grounds
upon which the trial court relied, we must affirm the summary judgment if any
of the independent summary-judgment grounds is meritorious.  FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).  

 

Did the trial court grant a summary
judgment or render judgment following a bench trial?

 

            We first address whether the trial court
rendered judgment after a “de facto bench trial” as Kennedy asserts.  The
record reflects that the trial court held an oral hearing on the motions for
summary judgment filed by Forman and Kennedy.  At the beginning of this
hearing, the trial court stated that the parties were present for a
summary-judgment hearing, and the trial court said, “We’ve had a witness
called, Roland Bassett, and I’m now going to administer the oath.”  Forman had
called Bassett as a witness to testify at the summary-judgment hearing.  After
he was sworn, Bassett testified on direct examination, under cross-examination by
Kennedy’s trial counsel, and then on redirect examination.  The trial court
then heard arguments from counsel and took the summary-judgment motions under
advisement.  In its final judgment, the trial court granted Forman’s
summary-judgment motions and denied Kennedy’s summary-judgment motions.

            Trial courts are not to receive oral testimony
during summary-judgment hearings.  See Tex.
R. Civ. P. 166a(c) (“No oral testimony shall be received at the
hearing”); Lann v. Callahan, No. 04-05-00718-CV, 2006 WL 1684785, at *1
(Tex. App.—San Antonio June 21, 2006, no pet.) (mem. op.) (holding trial court
did not err in sustaining objections to oral testimony proffered at
summary-judgment hearing).  However, at no time during the summary-judgment
hearing did Kennedy object to the trial court’s hearing of live testimony, and
Kennedy does not complain of the trial court’s consideration of live testimony
on appeal.[3] 
Instead, Kennedy asserts that the trial court’s receipt of live testimony
during the summary-judgment hearing transformed the hearing into a bench
trial.  We disagree.  The trial court’s hearing of live testimony without
objection from any party did not transform the summary-judgment hearing into a
bench trial.  Though it is unusual and improper for a trial court to consider
live testimony during a summary-judgment hearing, no party voiced any
objection.  The character of the proceeding as a summary-judgment hearing did
not change.[4] 
No bench trial has occurred in this case.

What are the possible bases upon which
Forman could succeed in this trespass-to-try-title action?

                                         

In
its summary judgment, the trial court made a determination of title to the
Third Tract.  “A trespass to try title action is the method for determining
title to lands, tenements, or other real property.”  Tex. Prop. Code Ann. § 22.001(a) (Vernon 2000).  It is the
exclusive remedy by which to resolve competing claims to property.  See
Jordan v. Bustamante, 158 S.W.3d 29, 34–35 (Tex. App.—Houston [14th Dist.] 2005,
pet. denied).  Any suit involving a dispute over the title to land is an action
in trespass to try title, whatever its form and regardless of whether legal or
equitable relief is sought.  See id.  Under well-established Texas law, it was incumbent upon Forman to prevail based upon the strength of his own
title to Tract Three and not on the weaknesses of Kennedy’s title.  See Hejl
v. Wirth, 343 S.W.2d 226, 226 (Tex. 1961).  To recover, Forman must
establish a prima facie right of title by proving one of the following: (1) a
regular chain of conveyances from the sovereign, (2) a superior title out of a
common source, (3) title by limitations, or (4) prior possession, which has not
been abandoned.  See Bacon v. Jordan, 763 S.W.2d 395, 396–97 (Tex. 1988).


Forman
did not assert title by limitations as a summary-judgment ground.  See Stiles
v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993) (stating that
appellate courts can affirm summary judgment based only on a ground expressly
stated in the motion for summary judgment granted by the trial court).  We
discuss each of the other three possible bases for recovery below.

A Regular Chain of Conveyances from
the Sovereign

 

            Forman did not assert as a summary-judgment ground
that he could recover based on proof of a regular chain of conveyances of title
to Tract Three from the sovereign.  See Stiles, 867 S.W.2d at 26.  In
addition, the summary-judgment evidence does not contain a chain of conveyances
of title to Tract Three from the sovereign to Forman.  On appeal, Forman
asserts that the trial court’s judgment can be affirmed based on a chain of
conveyances from the sovereign as to Tract Two.  

Generally,
“[t]he soil covered by the bays, inlets, and arms of the Gulf of Mexico within
tidewater limits belongs to the State, and constitutes public property that is
held in trust for the use and benefit of all the people.”  Lorino v.
Crawford Packing, 175 S.W.2d 410, 413 (Tex. 1943).  Section 11.012(c) of
the Texas Natural Resources Code echoes the  Lorino holding:  “The State
of Texas owns the water and the beds and shores of the Gulf of Mexico and the
arms of the Gulf of Mexico within the boundaries provided in this section,
including all land which is covered by the Gulf of Mexico and the arms of the
Gulf of Mexico either at low tide or high tide.”  Tex. Nat. Res. Code Ann. § 11.012(c) (Vernon 2001).  Two
presumptions arise regarding submerged lands:  (1) they are owned by the State
and (2) the State has not acted to divest itself of title to them.  See Lorino,
175 S.W.2d at 414;  TH Invs. v. Kirby Inland Marine, L.P., 218 S.W.3d
173, 182–83 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).  Kennedy has invoked
this presumption and asserted that, because Tract Two is submerged under
Galveston Bay, it is presumed that the State of Texas holds title to Tract
Two.  

Attempting to rebut this
presumption, Forman proffered additional summary-judgment evidence including
the Patent, arguing that by means of the Patent, the State of Texas intended to
convey submerged land, including Tract Two.  See City of Galveston v. Menard,
23 Tex. 349, 398–408 (1849) (holding that legislature could and did convey land
shallowly submerged under Galveston Bay to private individual); TH Invs.,
218 S.W.3d at 185–86.  Under the Patent, the State of Texas conveyed the
following property to J.J. Kane in 1915: 

the submerged flats,
or land under water, on the shores of Galveston Bay, in Galveston County,
Texas, the same having been purchased and fully paid for in accordance with an
act approved June 3, 1915; which said submerged flats or land under water are
described by metes and bounds as follows:

Beginning at the
S.E. Corner of Lot 50 Section No. 1 Trimble and Lindsey Survey of Galveston
Island:

Thence N 25º 02’
36”W with the West boundary of said lot No. 50 594.32 varas to a 2 inch iron
pipe on the shore of Galveston Bay, the S.E. Corner of this 85.70 acre survey;

Thence continuing N
25º 02’ 36” W 990.0 varas to a point on the U.S. Harbor Line as established by
the U.S. Engineer Department under the direction of the Honorable Secretary of
War;

Thence with said
Harbor Line S 73º 15’ 24” W 498.42 varas to a point for the N.W. Corner of this
survey, said point being the intersection of said Harbor Line with the West
boundary of lot 502, section No. 1 of the Trimble and Lindsey Survey prolonged
N 25º 02’ 36” W;

Thence S 25º 02’
36”E972.0 [sic] varas to a two inch pipe on the shore of Galveston Bay, the
S.W. Corner of this 85.70 acre survey;

Thence approximately
with shore line of Galveston Bay N 75º 17’ 30” E, 501.4 varas to point of
beginning, containing within the foregoing described limits 85.70 acres of
land.

            Kennedy argues
that the Patent conveyed only the 85.7 acres of submerged land described in the
Patent and that the conveyed land did not include the Neighboring Tract.  The
summary-judgment evidence contains a 1984 survey showing that the southerly
line of the 85.7 acre tract described in the Patent was the 1915 shoreline of
Galveston Bay and that this shoreline is hundreds of feet to the north of the
northline of Tract Three.  According to this survey, the 85.7 acre tract described
in the Patent does not include the Neighboring Tract.  Kennedy argues that,
because in the Patent the State of Texas did not convey the Neighboring Tract,
the presumption of State ownership has not been rebutted, and Forman has not
shown title to Tract Three under his argument based on the abandonment of 65th
Street and Forman’s ownership of the Neighboring Tract.  In response, Forman
argues that the southerly line of the land conveyed by the Patent was
originally the 1915 shoreline of Galveston Bay but that the southerly line of
the conveyed land has been moving south over time along with the shoreline of
Galveston Bay, so that the southerly line of the land conveyed is now the
boundary between Tract One and Tract Two.  Forman has cited no cases or other
authority supporting this argument.  

            We presume for
the sake of argument the following:

·       
The Neighboring Tract is part of the submerged land conveyed by
the Patent and is not owned by the State of Texas.

·       
The City of Galveston’s abandonment of the right-of-way through
the 1968 ordinance, in addition to removing the right-of-way, also conveyed
title in Tract Three to the owner of the Neighboring Tract.[5]  

·       
Forman could establish a prima facie right of title in Tract
Three by proving (1) a regular chain of conveyances of title in the Neighboring
Tract from the sovereign down to Forman, and (2) abandonment of the right-of-way
over Tract Three.

Even under these presumptions,
we cannot affirm the trial court’s summary judgment because Forman did not
assert as a summary-judgment ground that he could recover based on proof of a regular
chain of conveyances of title in the Neighboring Tract from the sovereign to
Forman.[6] 
See Stiles, 867 S.W.2d at 26.  

Superior Title Out of a Common Source

 

On
appeal, Forman asserts that this court can affirm the trial court’s summary
judgment because Forman proved superior title to Tract Three out of a common
source.  Forman alleges that the common source of title to Tract Three was the
City’s abandonment of the right-of-way over Tract Three.  Notably, however, in
his summary-judgment motions, Forman did not expressly state that he was
proving title as a matter of law by showing superior title out of the alleged
common source of the abandonment of the City’s right-of-way.  Therefore, we
cannot affirm the trial court’s judgment on this ground.[7]  See
Stiles, 867 S.W.2d at 26.  

Prior Possession Which Has Not Been Abandoned

 

            Forman asserted prior possession as a
summary-judgment ground.  However, to establish entitlement to relief on this
ground, Forman had to prove that he actually and exclusively possessed Tract
Three, as opposed to merely constructively possessing Tract Three.  See Land
v. Turner, 377 S.W.2d 181, 186 (Tex. 1964).  Upon a showing of   actual
possession of Tract Three, Forman may continue this possession by either actual
or constructive possession up until the time at which Kennedy allegedly
dispossessed Forman, as long as Forman does not abandon possession.  See id.
at 185–88.  Nonetheless, Forman must show an initial actual possession of Tract
Three.[8] 
See id.  The record contains no summary-judgment evidence showing that
Forman actually possessed Tract Three at any time, and there is certainly no
evidence proving this proposition as a matter of law.  Therefore, the trial
court erred to the extent it granted summary judgment based on Forman’s prior
possession.  See id.  (holding that plaintiff in trespass-to-try-title
action must prove initial actual possession to recover based on “prior
possession,” even against a trespasser, and that evidence of constructive
possession by deed and payment of taxes on the land did not prove actual
possession as a matter of law).[9] 


Conclusion

Forman
was required to establish a prima facie right of title by one of the accepted
methods: (1) a regular chain of conveyances from the sovereign, (2) a superior
title out of a common source, (3) title by limitations, or (4) prior possession,
which has not been abandoned.  See Bacon, 763 S.W.2d at 396–97; Land,
377 S.W.2d at 188.  Forman did not assert any of the first three methods as a summary-judgment
ground in his summary-judgment motions.  Though Forman asserted prior
possession as a ground, he failed to prove an initial actual possession that is
required to show prior possession.  Therefore the trial court erred in granting
summary judgment.  See Land, 377 S.W.2d at 188 (holding that
because jury found trespass-to-try-title plaintiff did not prove title by
limitations and because, as to other three ways of proving title, plaintiff did
not seek jury findings or prove these grounds as a matter of law, plaintiff
could not recover); Kilpatrick v. McKenzie, 230 S.W.3d 207, 214–15 (Tex.
App.—Houston [14th Dist.] 2006, no pet.) (holding that evidence at bench trial
was not legally sufficient to support recovery by trespass-to-try-title
plaintiff on any of the four potential methods of recovery in such actions and
rendering a take-nothing judgment against plaintiff).  Accordingly, we sustain
Kennedy’s first issue, reverse the trial court’s judgment, and remand for
further proceedings consistent with this opinion.[10]

 

                                                                                                                                                                                                                                    /s/        Kem
Thompson Frost                                                                                                                                              Justice

 

Panel consists
of Justices Yates, Frost, and Brown.









[1] The record
contains no summary-judgment evidence as to the location of the shoreline of
Galveston Bay in 1968.  A 1984 survey indicates that, in 1984, there was land
on abandoned 65th Street that was north of the northline of the Kennedy
Property and not submerged under Galveston Bay. 





[2] This
diagram is a rough approximation and is not drawn to scale.  The
summary-judgment record does not show the current location or contour of the
Galveston Bay shoreline.  The dotted line in the diagram is a rough
representation of this shoreline for illustration purposes; it is not an
accurate depiction of the shoreline’s contour or location.  A 1984 survey
reflects that, in 1984, part of the eastern portion of Tract Three was
submerged under Galveston Bay.  A 1984 survey indicates that, in 1984, there
was land on abandoned 65th Street that was north of the northline of the
Kennedy Property and not submerged under Galveston Bay.  This summary-judgment
evidence suggests that part of Tract Three extends north of the northline of
the Kennedy Property.  To the extent that Tract Three currently extends north
of the northline of the Kennedy Propety, this is not reflected in the diagram.





[3] Ten days
after the hearing, Kennedy filed a written objection to the trial court’s
having heard live testimony.  Kennedy did not secure a ruling on this
objection.  After the trial court rendered its summary judgment, Kennedy moved
the trial court to rule on the objections that Kennedy had asserted during the
hearing; however, Kennedy did not object to the court’s receipt of live
testimony during the hearing.  Even if Kennedy’s written objection after the
hearing were considered timely, Kennedy never obtained a ruling on this
objection, nor did Kennedy object to the trial court’s failure to rule.  Thus,
the objection was waived.





[4] Considering
the live testimony as summary-judgment evidence would not change the analysis
or disposition of this appeal.  Therefore, we need not and do not address
whether this live testimony should be considered as part of the
summary-judgment evidence.





[5] Forman
cites various cases in support of this argument.  However, none of the trespass-to-try-title
cases that Forman cites stand for this proposition.  See Haines v. McLean,
276 S.W.2d 777, 778–79, 782 (Tex. 1955); Cantley v. Gulf Prod. Co., 143
S.W.2d 912, 913–16 (Tex. 1940); Cox v. Campbell, 143 S.W.2d 361, 361–66
(Tex. 1940).  In the cases cited by Forman, the courts do not hold that an
abandonment of a right-of-way creates or conveys title; rather, the courts in
these cases hold that, if a grantor holds title to real property burdened by a
right-of-way and the grantor executes a deed conveying property bordering on
the burdened property, then the grantor conveys that part of his property
burdened by the right-of-way, unless the burdened property is expressly
reserved by the grantor and even though the burdened property is not mentioned in
the deed as part of the property conveyed.  These cases do not stand for the
proposition that a party in a trespass-to-try-title action, who has not shown
that he holds title to land burdened by a right-of-way, may prove that he holds
title to the burdened land by proving that the right-of-way was abandoned and
that he owns land next to the burdened property.





[6] Even if
Forman had asserted this ground, the summary-judgment evidence does not contain
a regular chain of conveyances from J.J. Kane down to Forman.  The
summary-judgment evidence contains a letter from the Texas General Land Office
arguably indicating, without explanation, that this office concluded that Tract
Two was part of the land conveyed by the Patent. Forman asserts that the State
of Texas is not claiming ownership of Tract Two and that Kennedy has no
standing to seek ownership on the State’s behalf.  Forman cites cases stating
that only the State can challenge the validity of a land patent.  However,
Kennedy is not seeking to assert a claim by the State to Tract Two, and Kennedy
is not challenging the validity of the Patent.  Rather, Kennedy is demanding
that Forman prove one of the four methods for recovering in a
trespass-to-try-title case, one of which might require proof as to what land
was conveyed by the Patent, without challenging the validity of the Patent.





[7] Even if
Forman had asserted this ground, Forman has cited no case holding that, in a
trespass-to-try-title action, an abandonment of a right-of-way over land can
constitute a common source of title to the land previously burdened by the
right-of-way.  





[8] To the
extent that Ballingall v. Brown holds that an initial actual possession
is not required, the Supreme Court of Texas in Land overruled that
holding.  See Land, 377 S.W.2d at 185–88; Ballingall v. Brown, 226
S.W.2d 165, 171 (Tex. Civ. App.—Fort Worth 1949, writ ref’d n.r.e.).  The other
cases cited by Forman are not contrary to Land because these cases
involve actual possession.  See Reiter v. Coastal States Gas
Producing Co., 382 S.W.2d 243, 246–47 (Tex. 1964); Corder v. Foster,
505 S.W.2d 645, 649 (Tex. Civ. App.—Houston [1st Dist.] 1973, writ ref’d
n.r.e.); Dinwitty v. McLemore, 291 S.W.2d 448, 451 (Tex. Civ.
App.—Dallas 1956, no writ).





[9] Kennedy
asserted in the trial court that Kennedy owned Tract Three.  Subsequently in
the trial court, and also on appeal, Kennedy has stated that Kennedy does not
claim title to Tract Three or Tract Two.  In any event, Forman must succeed on
the strength of his title rather than on the weakness of Kennedy’s title.  See
McKenzie, 230 S.W.3d at 213–14.  If a trespass-to-try-title
plaintiff does not prove any of the four permissible methods for recovery, then
the plaintiff takes nothing, even though the defendant may be a trespasser. See
Land, 377 S.W.2d at 188.





[10] In a
footnote in the appellant’s brief, Kennedy asserts that this court can render
judgment in Kennedy’s favor based on Kennedy’s motions for summary judgment. 
However, in the appellant’s brief, Kennedy does not assign error as to the
trial court’s denial of Kennedy’s summary-judgment motions.  See Tex. R. App. P. 38.1(f); Texas Nat’l
Bank v. Karnes, 717 S.W.2d 901, 903 (Tex. 1986).  Furthermore,
Kennedy has provided no analysis or citations
to the record or legal authorities in support of an argument that the trial
court erred by denying Kennedy’s
summary-judgment motions.  Therefore, Kennedy has waived this issue.  See
Tex. R. App. P. 38.1(i); San
Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th
Dist.] 2005, no pet.) (holding that, even though
courts interpret briefing requirements reasonably and liberally, a party
asserting error on appeal still must put forth some specific argument and
analysis citing the record and authorities in support of the party’s argument).