

## NUMBER 13-17-00265-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**BERTA GARZA,** **Appellant,**

**v.**

**THE ESTATE OF ERNESTINA OLIVAREZ,** **Appellee.**

---

**On appeal from the County Court at Law No. 1
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Contreras**

This is an appeal of a summary judgment rendered in favor of appellee, the Estate of Ernestina Olivarez (hereinafter the Estate), in an eviction suit. Appellant Berta Garza contends by three issues that the county court erred by (1) "denying a trial de novo" because she perfected an appeal from the justice court, (2) granting summary judgment

"due to insufficient evidence," and (3) failing to grant her plea to the jurisdiction. We vacate the judgment and dismiss the Estate's suit for want of jurisdiction.

## I. BACKGROUND

Timothy Weaver, acting as temporary administrator of the Estate, filed suit in justice court seeking to evict Garza and all other occupants of the residence at 4120 West Houston Avenue in McAllen, Texas, for failure to pay rent.[1] Garza answered and filed a plea to the jurisdiction alleging that the justice court lacked subject matter jurisdiction because the lawsuit involves issues of title to land. In particular, Garza argued that she is the rightful owner of the property because Daniel Olivarez, Ernestina Olivarez's widower, transferred the property to his son Rogelio in 2012; Rogelio later contracted to sell the property to Garza; and Garza has since been making payments to Rogelio.

The justice court rendered default judgment on July 18, 2016, noting that Garza failed to appear for trial. See TEX. R. CIV. P. 510.6. The default judgment granted possession of the premises to the Estate and ordered Garza and all other occupants of the property to vacate. Garza then filed notice of her intent to appeal the default judgment to the county court. See TEX. R. CIV. P. 510.9. She also filed an appeal bond in the amount of $1,500 as per the justice court's order. See id. Later, Garza filed a "Plea to

---

[1] The record reflects that the forcible detainer action was originally filed in justice court on March 9, 2016 by Daniel Olivarez. On July 9, 2016, counsel for Weaver sent a letter to the justice court stating that Weaver was recently appointed as the temporary administrator of the Estate and that Weaver therefore has the authority to bring suit on the Estate's behalf. The justice court record contains a "Complaint for Forcible Detainer" filed by Weaver on behalf of the Estate but with no justice court cause number or file stamp. In any event, the justice court's default judgment named the plaintiff as "Estate of Ernestina Olivarez/Temporary Administrator Timothy Weaver" and the parties agree that the Estate replaced Daniel Olivarez as the plaintiff.

Though this information was not provided in either forcible detainer petition, the Estate mentions in its appellee's brief that Ernestina Olivarez was the title owner of the subject property and that she died on July 15, 2010.

2

the Jurisdiction and Original Answer" in the county court making the same arguments as the earlier plea to the jurisdiction filed in the justice court. The record contains no explicit ruling by the county court on the plea to the jurisdiction.

The Estate filed a motion for summary judgment in the county court arguing that Garza "cannot prove any legal relationship and further cannot provide any written documentation establishing that a contract for sale of the subject property was consummated between [Garza] and Olivarez's [sic]." The motion for summary judgment argued that Garza lacked "standing to assert ownership interest in the property" because the transaction by which she claimed to acquire the property was an oral agreement that violated the statute of frauds. No evidence was attached to the motion.

In response to the Estate's summary judgment motion, Garza argued that (1) the Estate failed to produce any evidence to support the elements of a forcible detainer, (2) her oral agreement to purchase the subject property is not barred by the statute of frauds due to the partial performance doctrine, and (3) "the affirmative defense which [Garza] is alleging is sufficient to grant her standing to appear in this cause and urge her entitlement to an equitable title in the property." Garza later filed a supplemental response containing an affidavit in which she averred in relevant part:

> In early 2012 I and my husband Javier Solis made an agreement with Roy Olivarez and Daniel Olivarez to purchase the residence at 4120 W. Houston Ave., McAllen, Texas for the sum of $70,000.00. I paid over $28,000.00 to Roy Olivarez and Daniel Olivarez during the time Daniel Olivarez was in bankruptcy. Attached as Exhibit BG-1 is a schedule of the payments and copies of the checks, wire transfers and MoneyGram remittances.
>
> When we first made the agreement, there were renters in the house. After the renter's lease expired in June of 2012, my family moved into this residence.
>
> Since then, I have made improvements to the property, including tiling the floor in the living room and the 3 bedrooms, adding granite counters in the

3

kitchen, replacing the broken Central Air Conditioner, replacing the broken garage door, remodeling the kitchen and bathrooms, planting grass and trees in the backyard and other home improvements.

In about July of 2013, I sent over $15,000 to the mortgage company in an attempt to get the Note current, but the Creditor rejected the payment as it was not from Ernestina Olivare[z].

I have never paid any rent on this property. I occupy the property as an owner because I am paying for it. I would like to finalize the transaction but Daniel Olivarez refuses to complete the sale.

The trial court rendered judgment on March 24, 2017, finding that the Estate's "Affirmative Motion for Summary Judgment" and "No-Evidence Motion for Summary Judgment" were well-taken and should be granted. The judgment stated that Garza's appeal from the justice court is "hereby dismissed with prejudice."

Garza's counsel filed a motion for new trial and for reconsideration arguing that the trial court's judgment was erroneous for four reasons: (1) the Estate did not request a no-evidence summary judgment; (2) Garza perfected her appeal from the justice court by filing a bond in the amount set by the justice court, and the Estate did not present any evidence to the contrary; (3) because Garza perfected her appeal, she was entitled to a trial de novo in the county court; and (4) Garza is not required to prove standing because she has not sought any affirmative relief.

The record contains no ruling on Garza's motion for new trial and for reconsideration, but the trial court rendered an amended judgment on April 24, 2017, clarifying that the judgment was granted only on the Estate's "Affirmative Motion for Summary Judgment" and not on no-evidence grounds. The amended judgment reiterated that Garza's appeal from the justice court is "dismissed with prejudice." This appeal followed.

## II. Discussion

### A. Standards of Review

A ruling on a plea to the jurisdiction is reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Miranda*, 133 S.W.3d at 226, 228. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even when the evidence implicates the merits of the cause of action. *Id.* at 227; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

A review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228. We view all the evidence in the light most favorable to the non-movant, indulging every reasonable inference in favor of the non-movant and resolving any doubts against the motion. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam); *Miranda*, 133 S.W.3d at 228.

### B. Applicable Law

An action for forcible detainer is the judicial procedure for determining the right to immediate possession of real property. *It's The Berrys, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 769 (Tex. App.—Amarillo 2008, no pet.); *see* Tex. R. Civ. P. 510.1. It exists

5

to provide a speedy, simple and inexpensive means for settling the right to possession of premises. *It's The Berrys*, 271 S.W.3d at 769. Jurisdiction over forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court for a trial de novo. TEX. PROP. CODE ANN. § 24.004 (West, Westlaw through 2017 1st C.S.); TEX. R. CIV. P. 510.10(c); *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied). But a justice court is expressly deprived of jurisdiction to determine or adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (West, Westlaw through 2017 1st C.S.). Thus, neither a justice court, nor a county court on appeal, can resolve questions of title beyond the immediate right to possession. *See Bacon v. Jordan*, 763 S.W.2d 395, 396 (Tex. 1988); *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.); *Rice v. Pinney*, 51 S.W.3d 705, 708–09 (Tex. App.—Dallas 2001, no pet.).

When there are issues concerning both title and possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction. *Espinoza v. Lopez*, 468 S.W.3d 692, 695 (Tex. App.—Houston [14th Dist.] 2015, no pet.). But in certain circumstances, the question of title may be so intertwined with the issue of possession that the latter may not be adjudicated without first determining the former. *Id.*; *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.); *Rice*, 51 S.W.3d at 709. "In such a case involving a genuine issue of title, neither the justice court, nor the county court on appeal, has jurisdiction." *Dormady*, 61 S.W.3d at 557; *Rice*, 51 S.W.3d at 709; *see Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi 2002, no pet.) (noting that the justice court lacks

6

jurisdiction when "the right to immediate possession necessarily requires resolution of a title dispute").

To prevail in a forcible detainer action, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Espinoza*, 468 S.W.3d at 695; *Dormady*, 61 S.W.3d at 557. Ordinarily, a forcible detainer action requires proof of a landlord-tenant relationship. *Espinoza*, 468 S.W.3d at 695. Although such a relationship is not a prerequisite to jurisdiction, the lack of such a relationship indicates that the case may present a title issue. *Id*.; *see Rice*, 51 S.W.3d at 712 n.4.

## B.    Analysis

Garza contends by her first issue that, because she perfected her appeal from the justice court, she was improperly deprived of a trial de novo at the county court. She notes that the county court's judgment stated: "It is, therefore, ORDERED that Defendant, Berta Garza and all other occupants['] appeal from Justice of the Peace Court of an Order Granting Forcible Entry and Detainer [sic] will not be considered on appeal to this Court."

Despite the dismissive language used in the judgment, the record is clear that the county court considered Garza's appeal on its merits and found that the Estate's summary judgment motion was meritorious. Garza cites no authority, and we find none, stating that a trial de novo in a forcible detainer appeal may not be resolved by summary judgment procedure in the county court. Indeed, the Estate cites several cases where such proceedings have been disposed of in precisely that manner. *See Volume Millwork, Inc. v. W. Houston Airport Corp.*, 218 S.W.3d 722, 725 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *see also Martinez v. Ditech Fin. LLC*, No. 13-16-00295-CV, 2016 WL 7011583, at *2 (Tex. App.—Corpus Christi Dec. 1, 2016, no pet.) (mem. op.); *Vaiz v. Fed.*

7

*Nat'l Mortg. Ass'n*, No. 13-14-00110-CV, 2015 WL 6768657, at *2 (Tex. App.—Corpus Christi Nov. 5, 2015, pet. dism'd) (mem. op.). Therefore, we overrule Garza's first issue to the extent it argues she was procedurally deprived of a trial de novo in the county court.

By her third issue, Garza argues that the county court erred by failing to grant her plea to the jurisdiction, in which she argued that the court lacked jurisdiction because the case involves title to property.[2] She alleged that she obtained title to the property by virtue of an oral agreement with Ernestina Olivarez's widower and son, and that the agreement is enforceable in equity despite the statute of frauds because she partially performed the agreement.

Under the doctrine of partial performance as applied to the statute of frauds, an oral contract for the purchase of real property is enforceable if the purchaser: (1) pays the consideration; (2) takes possession of the property; and (3) makes permanent and valuable improvements on the property with the consent of the seller, or, without such improvements, other facts are shown that would make the transaction a fraud on the purchaser if the oral contract was not enforced. *Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992) (citing *Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921)); *see Burrus v. Reyes*, 516 S.W.3d 170, 181 (Tex. App.—El Paso 2017, pet. denied) (same). In an affidavit attached to her supplemental response to the summary judgment motion, Garza averred that she entered into an oral agreement with Ernestina Olivarez's widower and son to purchase the property; that she paid over $28,000 in consideration; that she took

---

[2] As noted, no ruling on the plea appears in the record. Ordinarily, a party must obtain an adverse ruling to preserve an issue for appeal, *see* TEX. R. APP. P. 33.1(a)(2)(A); however, the issue of whether a court has subject matter jurisdiction need not be preserved at the trial court. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) ("[W]e are obligated to review sua sponte issues affecting jurisdiction.").

possession of the property in 2012; and that she made significant improvements to the property.

On appeal, the Estate contends that Garza cannot establish the partial performance exception to the statute of frauds because she did not show "that she has a relationship or agreement with [Ernestina Olivarez] or the Estate." The Estate argues that "[t]itle to the Property was solely in the name of [Ernestina Olivarez], and neither Roy Olivarez nor Daniel Olivarez had authority to act on behalf of the Estate." But in support of this contention, the Estate refers us only to the following documents in the record: (1) a "General Warranty Deed With Vendor's Lien" dated 1999 granting the property to Ernestina Olivarez; and (2) a March 2016 order from the Hidalgo County Probate Court appointing Weaver as temporary administrator of the Estate. These documents do not establish, as the Estate suggests, that "neither Roy Olivarez nor Daniel Olivarez had authority to act on behalf of the Estate."

Additionally, the Estate's pleading in justice court specifically conceded that there was "no lease agreement" between Garza and Ernestina Olivarez or the Estate. The undisputed fact that there was no lease agreement, and therefore no landlord-tenant relationship, indicates that there is a genuine issue of title that must be resolved. *See Espinoza*, 468 S.W.3d at 695; *Rice*, 51 S.W.3d at 712 n.4 ("[O]ne indication that a justice court, and on appeal a county court, may be required to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a landlord-tenant relationship is lacking.").

Considering the pleadings and record evidence, *see Miranda*, 133 S.W.3d at 227, we conclude that "the right to immediate possession necessarily requires resolution of a

9

title dispute." *Lopez*, 76 S.W.3d at 605. Therefore, the justice court, and county court on appeal, lacked jurisdiction. *See id.* We sustain Garza's third issue on appeal.[3]

### III. CONCLUSION

We vacate the county court's judgment and dismiss the Estate's forcible detainer suit for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e); *Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 175 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("When a court's void judgment is appealed, we have jurisdiction to declare the judgment void and render judgment dismissing the case.").

DORI CONTRERAS
Justice

Delivered and filed the
9th day of August, 2018.

---

[3] In light of this ruling, we need not consider Garza's second issue, arguing that summary judgment in favor of the Estate was improper. *See* TEX. R. APP. P. 47.1.