**Reverse and Remand and Opinion Filed May 3, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00585-CV

**DONNA HARLOW, Appellant**
**V.**
**LESLIE HARLOW, TRUSTEE OF THE HALEY HARLOW, JR. TRUST,**
**Appellee**

### On Appeal from the 15th Judicial District Court
### Grayson County, Texas
### Trial Court Cause No. CV-21-1495

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Nowell

This declaratory judgment action involves an inter vivos trust established for the benefit of Haley Harlow, Jr. Appellant Donna Harlow claims an ownership interest in certain property allegedly owned by the trust. The trial court granted appellee Leslie Harlow's motion to dismiss pursuant to Texas Rule of Civil Procedure Rule 91a based on res judicata and collateral estoppel. In a single issue, Donna argues the trial court erred by granting the motion to dismiss because Grayson County Court at Law No. 1 did not have subject matter jurisdiction to adjudicate claims related to the inter vivos trust in the underlying probate proceeding. We

reverse the district court's order granting the motion to dismiss and remand for further proceedings.

## Background

In reviewing a motion to dismiss under Rule 91a, a trial court is required to take the allegations in the plaintiff's petition as true. *See* TEX. R. CIV. P. 91a.1. Donna's first amended petition alleges the following facts:

Haley Harlow, Sr. and Ruth Harlow were Haley Harlow, Jr.'s parents. On December 30, 1993, they (as Grantors) established the Haley Harlow, Jr. Trust. It was an inter vivos trust. From December 30, 1993 through December 30, 1999, Grantors made a series of irrevocable assignments of their interest in the Trust to Harlow, Jr. These gifts cumulatively equaled one hundred percent of Grantors' interest in the Trust so that effective December 30, 1999, Harlow, Jr. was the sole beneficiary of the Trust. He eventually became the successor Trustee.

Harlow, Jr. and Donna married on November 4, 2003, and remained married until his death. During their marriage, they acquired ten acres of real property, which Harlow, Jr. insisted be divided into two tracts: one acre with a home and nine acres with commercial storage units. The deed to the home tract provides that the purchaser-grantee is "Haley Harlow Jr. and Donna Armstrong Harlow." The storage unit deed reflects the purchaser-grantee as the "Haley Harlow Jr. Trust." Donna and Harlow, Jr. jointly operated a storage rental business known as Harlow's RV and Boat Storage on the nine acres.

On May 13, 2011, Harlow, Jr. and Donna refinanced the storage unit tract with Landmark Bank for $135,000 and the home tract for $50,000. Landmark structured the loans separately, each secured by the respective property and individually guaranteed by Harlow, Jr. and Donna. Harlow, Jr. and Donna made all monthly loan payments from community property bank accounts, and there is no evidence any payments were made by the Trust. They paid off both Landmark loans in full on June 27, 2014.

Harlow, Jr. died intestate on April 1, 2017. His estate was probated in cause no. 2017-1-125P in Country Court at Law No.1 in Grayson County. In that proceeding, County Court at Law No. 1 determined the Storage Unit Tract was not included as property of decedent's estate.

On November 22, 2021, Donna filed her original petition for declaratory judgment in the 15th Judicial District Court of Grayson County. Leslie Harlow, as trustee of the Haley Harlow, Jr. Trust, filed an answer and motion to transfer venue to Grayson County Court at Law No. 1 because the county court had "already heard an entire trial of the claims made in this case, including all facts and circumstances, all claims made, all witnesses, and all pleadings providing the Judge in court 1 an understanding and awareness of the facts and people involved." Leslie then filed a Rule 91a motion to dismiss Donna's original petition for declaratory judgment because it had no basis in law or fact. He attached ten exhibits to his motion and argued res judicata and collateral estoppel barred her entire suit.

Donna filed her first amended petition for declaratory judgment on March 3, 2022, asserting the district court had jurisdiction pursuant to civil practice and remedies code sections 37.003(c) (Power of Courts to Render Judgments) and 37.005 (Declarations Relating to Trust or Estate) and property code section 115.001 (Jurisdiction) because the proceedings involve an inter vivos trust. Donna requested the following declaratory relief pertaining to the Trust:

1. Declaring the 1993 Trust did not exist on December 2, 2005;

2. Declaring that the 1993 Trust did not own the Storage Unit Tract Property;

3. Declaring that if an express trust did not exist on December 2, 2005, such trust was a resulting trust created for the benefit of Donna Harlow;

4. Awarding Donna an undivided one-half fee simple interest in the Storage Unit Tract;

5. Awarding Donna reimbursement for payment of loan principal used to purchase and improve the Storage Unit Tract;

6. Awarding Donna for economic contributions to Harlow's Boat and RV Storage business and the Storage Unit Tract property for which she was never compensated; and

7. Awarding Donna her reasonable attorney's fees and costs pursuant to the Texas Civil Practice and Remedies Code and the Texas Property Code.

Donna asserted any rulings by County Court at Law No.1 regarding the construction, applicable law, powers, beneficiaries, or trustee duties of the Haley Harlow, Jr. Trust were void because only a district court has jurisdiction to make such determinations in Grayson County. She further stated res judicata was not a valid defense because

Leslie could not establish the first element of the defense: an earlier judgment rendered by a court of competent jurisdiction.

The trial court held a hearing on April 20, 2022. On June 2, 2022, the trial court signed an order granting Leslie's motion to dismiss. This appeal followed.

## Standard of Review and Applicable Law

Rule 91a provides a mechanism for early dismissal of a claim that has no basis in law or fact. *See* TEX. R. CIV. P. 91a.1. A cause of action has no basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* A cause of action has no basis in fact "if no reasonable person could believe the facts pleaded." *Id.* Except under circumstances not presented here, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted under the rules. TEX. R. CIV. P. 91a.6.

We review the merits of a Rule 91a motion de novo "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). We construe pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

When, as here, a defendant alleges an affirmative defense as the basis for a motion to dismiss under Rule 91a, the court may examine the defendant's answer to determine whether the defense is properly before the court. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020); *Sw. Airlines Pilots Ass'n v. Boeing Co.*, No. 05-21-00598-CV, 2022 WL 16735379, at *4 (Tex. App.—Dallas Nov. 7, 2022, pet. filed) (mem. op.). However, in determining whether sufficient facts support an affirmative defense and demonstrate that a cause of action "has no basis in law," the court may consider only the plaintiff's petition "together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6. "Of course, some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition. Because Rule 91a does not allow consideration of evidence, such defenses are not a proper basis for a motion to dismiss." *Bethel*, 595 S.W.3d at 656.

**Discussion**

Leslie pleaded two affirmative defenses: res judicata and collateral estoppel. "The party asserting res judicata must prove: (i) a prior final determination on the merits by a court of competent jurisdiction, (ii) identity of parties or those in privity with them, and (iii) a second action based on the same claims as were raised or could have been raised in the first action." *TRO-X, L.P. v. Eagle Oil & Gas Co.*, 608 S.W.3d 1, 11 (Tex. App.—Dallas 2018), *aff'd*, 619 S.W.3d 699 (Tex. 2021).

The doctrine of collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that it previously litigated unsuccessfully. *Reynolds v. Quantlab Trading Partners US, LP*, 608 S.W.3d 549, 556 (Tex. App.—Houston [14th Dist.] 2020, no pet.). The party asserting collateral estoppel bears the burden of proving that (i) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (ii) those facts were essential to the judgment in the first action; and (iii) the parties were cast as adversaries in the first action. *Id.* at 557. Like res judicata, "essential issues of fact determined by *a court of competent jurisdiction* are binding in a subsequent action between the parties." *Bacon v. Jordan*, 763 S.W.2d 395, 396 (Tex. 1988) (emphasis added).

For Leslie to obtain dismissal under Rule 91a because Donna's declaratory action lacked a basis in law, Donna's petition needed to allege facts supporting the three elements of res judicata, or alternatively, the three elements of collateral estoppel. *See, e.g.*, *Sw. Airlines Pilots Ass'n*, 2022 WL 16735379, at *7. On appeal, Donna only challenges the trial court's order on the basis that County Court at Law No. 1 was not a court of competent jurisdiction to decide issues related to the Trust. Accordingly, we likewise limit our discussion.

Subject-matter jurisdiction is essential to a court's authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Subject-matter jurisdiction is never presumed and cannot be waived. *Id.* at 443–44.

Texas Property Code section 115.001(a) provides, in relevant part, that "a district court has original and exclusive jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts." TEX. PROP. CODE ANN. § 115.001(a). Subsection (d), however, states "The jurisdiction of the district court is exclusive except for jurisdiction conferred by law on: (1) a statutory probate court; . . . or (5) a county court at law." *Id.* § 115.001(5).

Texas Estate Code section 31.002 defines the scope of statutory jurisdiction for county courts of law in "matters related to probate proceedings." The statute defines those "matters related to probate proceedings" for counties in which (a) there is not a statutory probate court or county court at law, (b) there is not a statutory probate court but there is a county court at law, and (c) there is a statutory probate court. *See* TEX. ESTATES CODE ANN. §31.002(a)–(c). Subsection (b)(3) provides that a county court at law has exclusive jurisdiction regarding "the interpretation and administration of an inter vivos trust created by a decedent whose will has been admitted to probate in the court." *Id.* § 31.002(b)(3).

Donna alleged Grayson County does not have a statutory probate court; however, she acknowledged County Court at Law No. 1 has jurisdiction over certain probate and probate-related issues. Thus, section 31.002(b)(3) provides the parameters of the county court's jurisdiction for "matters related to probate proceedings." *Id.*

Donna pleaded the Trust is an inter vivos trust; however, she stated Harlow, Jr. did not create it. Rather, his parents established the Trust. She pleaded Harlow, Jr. died intestate; therefore, there was no will to probate. In describing the estate proceeding in County Court at Law No. 1, she pleaded the following:

> In the Estate proceeding, Judge Henderson determined that the Storage Unit Tract was not an asset of the decedent's Estate. On the surface, his jurisdiction to make such a determination appears obvious. However, Defendant strenuously argued in the Estate proceeding that the Storage Unit Tract property could not be owned by the Estate, because it was owned by the Haley Harlow Jr. Trust.

> That necessarily required the County Court at Law determine specific issues pertaining to the existence, administration, and termination of the Haley Harlow Jr. Trust.

Accepting these allegations as true, section 31.002(b)(3) does not confer jurisdiction on County Court at Law No. 1 because the Trust is not "an inter vivos trust created by a decedent whose will has been admitted to probate in the court." *See* TEX. R. CIV. P. 91a.6; TEX. ESTATES CODE ANN. §31.002(b)(3); *Wooley*, 447 S.W.3d at 76. County Court at Law No. 1 did not have subject matter jurisdiction to make any findings regarding the Trust. Thus, the judgment was not a prior final determination on the merits by a court of competent jurisdiction. Because Donna's pleading negates an essential element of both res judicata and collateral estoppel— a prior final determination of the merits by a court of competent jurisdiction— Leslie's affirmative defenses fail at this stage of the proceedings. *See TRO-X, L.P.*, 608 S.W.3d at 11 (res judicata); *Reynolds*, 608 S.W.3d at 556 (collateral estoppel). Accordingly, the trial court erred by granting Leslie's motion to dismiss pursuant to

–9–

Rule 91a on the ground that Donna's action lacked a basis in law based on res judicata or collateral estoppel. *See, e.g.*, *Sw. Airlines Pilots Ass'n*, 2022 WL 16735379, at *7.

To the extent Leslie asks this Court to take judicial notice of the probate proceeding referenced in his motion to dismiss, supported with attached exhibits, we reject his invitation. To consider whether the same facts were previously litigated in County Court at Law No. 1 would require us to improperly take judicial notice of the proceedings. Rule 91a.6 expressly prohibits the consideration of evidence and requires that the motion be decided based solely on the plaintiff's pleading of the cause of action. *See* TEX. R. CIV. P. 91a.6; *see also Reynolds*, 608 S.W.3d at 557 (explaining a party may not rely on judicial notice in a Rule 91a proceeding because judicial notice is a "matter of evidence").

Finally, we reject Leslie's claim that "When, as here, it is difficult to tell whether or not the parties have satisfied the requisites of a particular statute, it seems perverse to treat a judgment as perpetually void merely because the court or the parties made a good-faith attempt in interpreting the law." Neither the court nor the parties' "good-faith effort interpreting the law" influences the existence of subject matter jurisdiction. *See, e.g.*, *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–44 ("Subject-matter jurisdiction is never presumed and cannot be waived."). We sustain Donna's sole issue on appeal.

## Conclusion

We reverse the trial court's order granting appellee Leslie Harlow's motion to dismiss. We remand this matter to the district court for further proceedings.

/Erin A. Nowell//

ERIN A. NOWELL

JUSTICE

220585f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONNA HARLOW, Appellant

No. 05-22-00585-CV     V.

LESLIE HARLOW, TRUSTEE OF
THE HALEY HARLOW, JR.
TRUST, Appellee

On Appeal from the 15th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. CV-21-1495.
Opinion delivered by Justice Nowell.
Justices Reichek and Garcia
participating.

In accordance with this Court's opinion of this date, the trial court's June 2, 2022, order of dismissal is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant DONNA HARLOW recover her costs of this appeal from appellee LESLIE HARLOW, TRUSTEE OF THE HALEY HARLOW, JR. TRUST.

Judgment entered this 3rd day of May, 2023.