**Dismissed and Opinion filed June 9, 2015.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

## NO. 14-14-00846-CV

---

### HECTOR A. ESPINOZA AND ELIZABETH SANCHEZ, Appellants

### V.

### OSIEL LOPEZ, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1036794**

---

## O P I N I O N

Appellants Hector A. Espinoza and Elizabeth Sanchez appeal the county court's judgment in favor of appellee Osiel Lopez in a forcible detainer action. In several issues, Espinoza and Sanchez contend that (1) the trial court erred by denying their motion to dismiss for lack of jurisdiction; (2) the trial court erred by granting Lopez's motion for summary judgment; and (3) Lopez was not entitled to attorney's fees.

BACKGROUND

This case involves real property located at 18908 Jasperwood Street, Waller, Harris County, Texas 77484 (the Property). In 2010, Espinoza and Sanchez began searching for a home to purchase and Lopez showed them the Property. Espinoza and Sanchez contend that they entered into an oral agreement with Lopez to purchase the Property for $70,000. On March 25, 2010, Espinoza and Sanchez tendered a check to Lopez for a down payment in the amount of $1,000. The memo line of the check stated, "Down Payment for house!" Espinoza and Sanchez alleged that they orally agreed with Lopez to pay $620.19 per month for fifteen years plus seven percent interest. Espinoza and Sanchez took possession of the Property in March and began making monthly payments. The parties dispute whether the monthly payments were made pursuant to an oral agreement to purchase the Property or a landlord-tenant arrangement.

After sending Espinoza and Sanchez two written demands to vacate the Property, Lopez filed a forcible detainer action in the justice court on August 1, 2013. The justice court entered a judgment in Lopez's favor. Espinoza and Sanchez appealed the judgment to the county court. Espinoza and Sanchez filed a motion to dismiss for lack of jurisdiction, alleging that the justice court lacked jurisdiction to hear Lopez's forcible detainer action because the case involved title to the Property. The county court denied the motion to dismiss on January 30, 2014. The county court entered a final judgment granting summary judgment in favor of Lopez. The county court awarded Lopez $2,480.76 in rent and $20,579.22 in attorney's fees and costs. Espinoza and Sanchez filed a motion for new trial, which was denied by operation of law. This appeal followed.

## ANALYSIS OF APPELLANTS' ISSUE

In their first issue, Espinoza and Sanchez contend that the justice court, and

therefore the county court, lacked jurisdiction over the forcible detainer action. In their second and third issues, Espinoza and Sanchez argue that Lopez was not entitled to rent and a genuine issue of material fact as to the amount of rent exists. In their fourth and fifth issues, Espinoza and Sanchez assert that Lopez was not entitled to attorney's fees and a genuine issue of material fact as to the amount of attorney's fees exists.

**Jurisdiction in Forcible Detainer Actions**

Whether a court has subject matter jurisdiction is a question of law we review de novo. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Subject matter jurisdiction can be raised at any time, including for the first time on appeal. *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). The proper forum for a forcible detainer suit is the justice court of the precinct where the property is located. Tex. Prop. Code § 24.004(a). The decision of the justice court may be appealed to the county court for a trial de novo. *Black*, 318 S.W.3d at 416. A county court's jurisdiction on appeal extends only as far as the justice court's jurisdiction. *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied).

An action for forcible detainer is a "summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises." *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818−19 (1936). The only issue to be resolved in a forcible detainer action is the right to actual and immediate possession of the property; the merits of title are not adjudicated. *Salaymeh*, 264 S.W.3d at 435. Justice courts do not have jurisdiction to determine or adjudicate title to land, and neither does a county court exercising appellate jurisdiction in a forcible detainer action. *Id*.

When there are issues concerning both title and possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction. *Id*. at 436. However, when a forcible detainer action presents a genuine issue of title so intertwined with the issue of possession that a trial court would be required to determine title before awarding possession, then a justice court lacks jurisdiction to resolve the matter. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (op. on reh'g); *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App—Houston [1st Dist.] 1995, writ denied). A justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession. *See Salaymeh*, 264 S.W.3d at 436.

To prevail in a forcible detainer action, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Ordinarily, a forcible detainer action requires proof of a landlord-tenant relationship. *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Although such a relationship is not a prerequisite to jurisdiction, the lack of such a relationship indicates that the case may present a title issue. *See Pinnacle Premier Props., Inc.*, 447 S.W.3d at 564 n.9.

**The Lower Courts Lacked Jurisdiction over the Forcible Detainer Action**

In their motion to dismiss for lack of jurisdiction,[1] Espinoza and Sanchez

---

[1] Although the pleading is styled "Motion to Dismiss for Lack of Jurisdiction and First Amended Answer," the substance of the pleading reflects that it is a plea to the jurisdiction.

contended that they were purchasing the Property from Lopez, not renting it. In support of their contention, Espinoza and Sanchez argue that they entered into an oral agreement with Lopez to purchase the Property and that they have a claim for equitable title under the doctrine of partial performance. In response, Lopez argues that the title issue is moot because the possession issue is moot and, in the alternative, Espinoza and Sanchez cannot show they have equitable title because they have not paid the full purchase price for the Property.

Generally, a contract for the sale of real estate is unenforceable unless it is in writing and signed by the person charged with the promise. Tex. Bus. & Com. Code § 26.01. Partial performance, however, will operate to exempt an oral contract for the sale or transfer of real property from the statute of frauds. *Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992). Under the doctrine of partial performance, an oral contract for the purchase of real property is sufficiently corroborated and enforceable if the purchaser:

(1) pays consideration;

(2) takes possession of the property; and

(3) makes permanent and valuable improvements on the property with the consent of the seller, or, without such improvements, other facts are shown that would make the transaction a fraud on the purchaser if the oral contract was not enforced.

*Id*. (citing *Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1116 (1921)); *Fandey v. Lee*, 880 S.W.2d 164, 170 (Tex. App.—El Paso 1994, writ denied). Equity may enforce an otherwise unenforceable oral agreement when nonenforcement of the agreement would itself amount to fraud. *See Dodson v. Kung*, 717 S.W.2d 385, 388 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Payment of consideration in full is not required to render a parole sale of real property enforceable if the other two elements, regarding possession and

improvements, have been met. *Cheatwood v. De Los Santos*, 561 S.W.2d 273, 277 (Tex. Civ. App.—Eastland 1978, writ ref'd n.r.e.).

Espinoza and Sanchez contend that they have raised a genuine issue of material fact with respect to each element. Specifically, they assert that (1) they gave Lopez consideration for the Property; (2) they resided at the Property from March 2010 to August 2013; and (3) they made valuable and permanent improvements to the Property with Lopez's consent. In support of their contention, Espinoza and Sanchez attached two affidavits and two deposition excerpts to their motion to dismiss.

In his affidavit, Espinoza stated that Lopez knew he was looking for a house and showed him two properties with mobile homes. Espinoza stated that he orally agreed to purchase the Property for $70,000, with a $1,000 down payment, and seven percent interest owner financed. Lopez accepted and cashed the check for the down payment, even though it said "down payment for house" in the memo line. Espinoza stated that Lopez informed him that payment for the house would be $620.19 per month for fifteen years. Lopez sent Espinoza and Sanchez a written earnest money contract, entitled "One to Four Family Residential Contract (Resale)," stating the terms and conditions of the sale. This written contract was never signed because Espinoza and Sanchez had issues with several provisions in the contract. Lopez also delivered a temporary lease, a seller financing addendum, a seller's disclosure sheet, a partial settlement sheet, and an amortization schedule.

Espinoza and Sanchez took possession of the Property in March 2010 and began making monthly payments in the amount of $620.19. The memo line for the checks stated, "House Payment" or "payment for house we're buying." Espinoza and Sanchez also tendered a check to Lopez in 2010 for that year's property taxes. The check for the property taxes was in the amount of $781.55 and the memo line

6

stated, "for house yearly Taxes we're buying." In return, Lopez gave Espinoza and Sanchez copies of the property tax statements as a form of receipt.

While living in the Property, Espinoza and Sanchez planted trees, changed fixtures, replaced the carpet, repaired holes in the walls, painted, and installed blacktop on some of the gravel driveway. In July 2011, Espinoza asked Lopez for proof of residence and purchase of the Property so that Espinoza and Sanchez could register their children for school in the Waller School District. Lopez told Espinoza that he could obtain the information from his wife, Norma Lopez. On July 29, 2011, Norma provided Sanchez with a letter that stated "[t]his is to inform you that Hector Espinoza and Elizabeth Sanchez are living at 18908 Jasperwood, Waller, Texas 77484. I am selling the property to them and we are waiting on the realtor for paper work." Espinoza and Sanchez also filed an affidavit by Sanchez, in which she stated that they made monthly payments in the amount of $620.19 pursuant to their verbal agreement with Lopez to purchase the Property.

Lopez filed an affidavit in which he stated that Espinoza and Sanchez were renting the property and paying $620.19 per month. Lopez stated that he initially discussed an agreement to purchase the Property over fifteen years with Espinoza and Sanchez, but they never signed the written contract. Lopez stated that he attempted to collect property taxes from them but they only paid them for the first year and then refused all other attempts. Lopez also stated that Espinoza and Sanchez refused to pay for the septic maintenance contract and other services on the Property.

Based on a review of the entire record, we conclude that the right to possession cannot be determined without first resolving issues regarding title to the Property. *See Bynum v. Lewis*, 393 S.W.3d 916, 919 (Tex. App.—Tyler 2013, no pet.) (holding that county court lacked jurisdiction to determine possession because

7

appellant raised the affirmative defense of adverse possession and "the title issue became an integral part of the proceeding"); *Yarto v. Gilliland*, 287 S.W.3d 83, 89−90 (Tex. App.—Corpus Christi 2009, no pet.) (holding that justice court lacked jurisdiction to determine possession because appellants "raised a claim of equitable title to the residence, which, if supported by evidence and law, would provide them with a superior right of possession despite [appellee's] retained legal title"). Because the evidence raised genuine fact issues regarding title to the Property, the justice court, and county court on appeal, lacked jurisdiction to determine the right to possession.

Lopez also argues that Espinoza and Sanchez's appeal is moot because they abandoned possession of the Property. Espinoza and Sanchez concede in their reply brief that the issue of possession is moot. However, they argue that the issues regarding rent and attorney's fees prevent their appeal from being moot. Although the issue of possession is moot, issues independent of possession are still reviewable on appeal. *Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.) (citing *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.—Dallas 2001, no pet.)). The county court issued a final judgment in which it ordered that Espinoza and Sanchez were required to pay Lopez $2,480.76 in back-owed rent and attorney's fees of $20,579.22. Because the county court's judgment ordered Espinoza and Sanchez to pay rent and attorney's fees, this appeal is not moot.

We sustain Espinoza and Sanchez's first issue. Because this issue is dispositive, we need not address their remaining issues.

## CONCLUSION

We hold that the lower courts lacked jurisdiction to render judgment. We reverse the county court's judgment and dismiss the underlying case for want of jurisdiction.

/s/      Ken Wise
              Justice

Panel consists of Justices Christopher, Brown, and Wise.