NUMBER 13-19-00021-CV



# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

DWAIN A. BOEHL,                                                    Appellant,

v.

LISA RICHARDSON,                                                    Appellee.

**On appeal from the County Court at Law No. 2
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Dwain A. Boehl (Dwain) appeals the trial court's judgment entering a

forcible detainer in favor of appellee Lisa Richardson, who is a distant cousin to Dwain's

father Leroy.  By four issues, which we combine into three, Dwain argues that:  (1) the

trial court lacked subject-matter jurisdiction over the forcible detainer action; (2) the trial

court erroneously awarded attorney's fees; and (3) the findings of fact and conclusions of

law are not supported by the evidence. We vacate the judgment and dismiss for want of jurisdiction.

## I. BACKGROUND

This appeal concerns the right to possession of certain real property in Victoria, Texas (the Property). Leroy and Margaret Boehl created a living trust in 1996. The Property and the house on the Property were conveyed to the trust by special warranty deed in August 1997. Margaret died in June 2009. Leroy moved to a retirement center in Houston, Texas; he died in June 2018.

On July 26, 2018, Leroy's daughter Susan Donnell, filed an application to probate Leroy's Last Will and Testament, originally executed in 2016. This 2016 will named Donnell as the independent executor and successor trustee. The 2016 will directed that all personal household effects were to be transferred to the trust, while the rest of the estate was to be given to Donnell, as the trustee, to divide the property in accordance with the trust. During this time, Dwain lived on the Property. On September 13, 2018, Richardson filed an opposition to the probate of the 2016 will. Richardson alleged that on May 22, 2018, when executing his fifth amendment to the trust, Leroy also executed a new will, which replaced Richardson as trustee in place of Donnell.

Because Leroy resided in Houston at the time of his death, a court in Harris County assumed jurisdiction over the will contest and the trust amendment contest, in case number 472228.

Meanwhile, Richardson filed an eviction suit in a justice court in Victoria County, claiming that Dwain had no right to possess the Property. During the proceedings, Dwain testified that he currently resided at the Property and had done so since 2005. He stated

2

that he was aware that his parents had placed the Property in their living trust. Dwain also admitted that Leroy had told him to leave the Property shortly before Leroy died. However, Dwain also claims that his father told him that he could move back in at some point and that Dwain was never required to pay rent while he lived at the Property. After Leroy died, Richardson sent Dwain a three-day eviction notice; however, Dwain remained on the Property. He testified that based on the 2016 will, he had no reason to believe that he could no longer reside at the Property. The court admitted Dwain's expert evidence, which indicated that in the handwriting expert's opinions, Leroy did not sign the second will. The justice court determined that Richardson was entitled to immediate possession of the property. Dwain appealed to the county court.

The county court also found that Richardson was entitled to immediate possession of the Property and awarded her $3,874.75 in attorney's fees and costs. Dwain filed a motion for new trial and a request for findings of fact and conclusions of law. The county court entered the findings of fact and conclusions of law but denied the motion for new trial. This appeal ensued.

## II. JURISDICTION

In issues one and two, which we address together, Dwain asserts that the trial court lacked jurisdiction over the forcible detainer suit.

### A. Standard of Review and Applicable Law

We review de novo whether a trial court has subject-matter jurisdiction to hear a case. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). The issue of subject-matter jurisdiction may be raised for the first time on appeal. *See id.* To determine whether the plaintiff has affirmatively demonstrated the court's jurisdiction

3

to hear the case, we consider the facts alleged by the plaintiff and, "to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." *Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction and such defect is incurable, immediate dismissal of the case is proper. *Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 804–05 (Tex. 1989).

Justice courts have original jurisdiction over forcible entry and detainer proceedings. TEX. GOV'T CODE ANN. § 27.031(a)(2); TEX. PROP. CODE ANN. § 24.004; *Dass, Inc. v. Smith*, 206 S.W.3d 197, 200 (Tex. App.—Dallas 2006, no pet.). District courts have exclusive jurisdiction over title disputes. *See Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 647 (Tex. App.—Austin 2008, no pet.). Forcible detainer actions in justice courts may be tried concurrently with title disputes in district court. *See Kassim v. Carlisle Interests, Inc.*, 308 S.W.3d 537, 541 (Tex. App.—Dallas 2010, no pet.); *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). "A forcible detainer action is a procedure to determine the right to immediate possession of real property. It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title." *Dormady*, 61 S.W.3d at 557. Accordingly, in a forcible detainer suit, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746. However, if the question of title is so "intertwined" with the issue of immediate possession, then possession may not be adjudicated until legal title has been determined. *Dormady*, 61 S.W.3d at 557. Thus, "[i]f it becomes apparent that a genuine fact issue regarding title exists in a forcible detainer suit, the court does not have

4

jurisdiction over the matter. *Aguilar v. Weber*, 72 S.W.3d 729, 732 (Tex. App.—Waco 2002, no pet.).

## B. Analysis

Dwain contends that the trial court lacked jurisdiction to entertain the forcible detainer suit. First, Dwain contends a forcible detainer action requires proof of a landlord-tenant relationship. *See Aguilar*, 72 S.W.3d at 733–35 ("One indication that a justice court (and county court on appeal) is called on to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a landlord tenant relationship is lacking."). Secondly, he contends that "the question of title is so intertwined with the issue of possession, th[at] possession may not be adjudicated without first determining title." *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2014, no pet.). We agree with Dwain that the trial court lacked jurisdiction.

Although a tenant-landlord relationship is not "a prerequisite to jurisdiction, the lack of such a relationship indicates that the case may present a title issue." *Espinoza v. Lopez*, 468 S.W.3d 692, 695–96 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We reached a similar conclusion in *Garza v. Estate of Olivarez*, No. 13-17-00265-CV, 2018 WL 3768505, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 9, 2018, no pet.) (mem. op.). In *Garza,* the estate admitted in its pleadings that there was no lease agreement between Garza and the estate. We concluded: "[t]he undisputed fact that there was no lease agreement, and therefore no landlord-tenant relationship, indicates that there is a genuine issue of title that must be resolved." *Id.* Similarly, in the present case, Richardson pleaded "[Dwain] is not now and never has been a tenant of [the Property]." Thus, this indicates there is a genuine issue of title that needs to be resolved first. *Id.*

5

Richardson argues there was a tenant-landlord relationship because once she gave Dwain notice to leave the Property, he became a tenant at sufferance. It is true that several courts have held that the trial court had jurisdiction in a forcible detainer suit where one of the parties was a tenant at sufferance. *See Pinnacle*, 447 S.W.3d at 564 ("[B]ecause the deed of trust contained a valid tenant-at-sufferance clause, appellees do not allege a title dispute that is intertwined with the right of immediate possession."); *see also Onabajo v. Wilmington Sav. Fund Soc'y, FSB*, No. 03-17-00486-CV, 2018 WL 2728068, at *3 (Tex. App.—Austin June 7, 2018, pet. denied) (mem. op.) (concluding there was an independent basis for the justice court and for the county court to determine the issue of immediate possession without resolving the issue of title to the property because "foreclosure under [the] security instrument create[d] a landlord and tenant-at-sufferance relationship"); *Gardocki v. Fed. Nat. Mortg. Ass'n*, No. 14-12-00921-CV, 2013 WL 6568765, at *3 (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, no pet.) (mem. op.) ("[W]here a deed of trust provides that in the event of foreclosure, the previous owner will become a tenant at sufferance if he does not surrender possession, the trial court can resolve possession without resort to title."). However, in the present case, there is no such tenant at sufferance clause and there is no foreclosure.

Ultimately, Dwain contends he is entitled to remain on the Property because under the 2016 will, Dwain's sister Donnell was named as the successor trustee. Dwain testified that he is working with his sisters to remodel the home by installing new floors and applying fresh paint; furthermore, Dwain claims that Donnell did not give Dwain any indication that he was going to be forced to vacate the Property. Under the 2016 will, Richardson did not have any immediate right to possession of the Property or authority

6

to force Dwain to leave.  But under the 2018 will, Richardson is named as the successor trustee, and as such, she had the right to immediate possession.

Thus, considering the pleadings and record evidence, we conclude that "the right to immediate possession necessarily requires resolution of a title dispute." *Lopez*, 76 S.W.3d at 605; *see Yarto v. Gilliland*, 287 S.W.3d 83, 90 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.) (concluding that the parties' "competing assertions over the nature of their relationship—with neither party's assertion having the support of a contractual document (i.e., a written lease or written contract for deed)—requires the resolution of a title dispute before the right of immediate possession can be fully ascertained"); *see also Garza*, 2018 WL 3768505, at *5.  Therefore, the justice court, and county court on appeal, lacked jurisdiction.  *See Lopez*, 76 S.W.3d at 605*.*  We sustain Dwain's first issue.  Because we sustain Dwain's first issue, we need not address his third issue concerning the trial court's findings of fact and conclusions of law.  *See* TEX. R. APP. P. 47.1.

### III. ATTORNEY'S FEES

In his second issue, Dwain argues that the trial court erroneously awarded attorney's fees because Richardson did not meet the requirements that would permit attorney's fees in an eviction suit.  *See* TEX. PROP. CODE ANN. § 24.004.  Richardson concedes that attorney's fees were not proper here.  We sustain Dwain's second issue.

### IV. CONCLUSION

We vacate the county court's judgment and dismiss Richardson's forcible detainer suit for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(e); *Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 175 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("When a court's

void judgment is appealed, we have jurisdiction to declare the judgment void and render judgment dismissing the case.").

NORA L. LONGORIA
Justice

Delivered and filed the
12th day of December, 2019.