**Affirmed and Memorandum Opinion filed June 29, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00576-CV

---

## THOMAS W. STRONG-GRIBBLE, Appellant

### V.

## LATIF AND COMPANY LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1134118**

---

### MEMORANDUM OPINION

This is an appeal from a forcible detainer action brought after a foreclosure sale. Thomas W. Strong-Gribble contends that the county court at law erred in awarding possession of the subject property to Latif and Company LLC because he contends there is no proof of a landlord-tenant relationship. A forcible detainer action is dependent on proof of a landlord-tenant relationship.[1] Because we

---

[1] *Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 174 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

conclude that proof of a landlord-tenant relationship was before the county court at law, we affirm.

Strong-Gribble acquired real property in Houston, Texas. He executed an Equity Security Instrument (deed of trust) encumbering the property, which provided that if the property were sold at foreclosure,

> [Strong-Gribble] or any person holding possession of the Property through [Strong-Gribble] shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [Strong-Gribble] or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

The deed of trust was foreclosed, and Latif purchased the property at the foreclosure sale. Latif thereafter provided notice to Strong-Gribble and others to vacate the property. Strong-Gribble failed to vacate the property, and Latif filed its forcible detainer petition in justice court. The justice court rendered judgment in favor of Latif, and Strong-Gribble appealed pro se to the county court at law. After a bench trial de novo, the county court at law signed a final judgment awarding possession of the property to Latif.[2]

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined. *Espinoza v. Lopez*, 468 S.W.3d 692, 695 (Tex. App.—Houston [14th Dist.] 2015, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of the property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). To prevail in a forcible detainer action, Latif was required only to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston

---

[2] Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, in county courts for trial de novo. Tex. Prop. Code § 24.004(a); Tex. R. Civ. P. 510.10(c).

[14th Dist.] 2008, no pet.). It did.

Here, the deed of trust contained a tenant-at-sufferance clause. When the party to be evicted is subject to a tenant-at-sufferance clause and the party seeking possession purchased the property at a foreclosure sale and gave proper notice requiring the occupants to vacate the premises, the party seeking possession meets its burden to establish a superior right to possession. *Valentine v. JP Morgan Chase Bank*, No. 14-14-00381-CV, 2017 WL 3611839, at *2 (Tex. App.—Houston [14th Dist.] Aug. 22, 2017, pet. denied) (mem. op.); *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.). A plaintiff in a post-foreclosure forcible detainer action establishes its right to possession by presenting the substitute trustee's deed, the deed of trust with a tenant-at-sufferance clause, and the notice given to any residents of the property to vacate. *Valentine*, 2017 WL 3611839, at *2.

Strong-Gribble does not dispute that Latif holds a deed of trust with a tenant-at-sufferance clause. But he contends that Latif did not prove its right to possession because it did not offer the deed of trust as an exhibit at trial. However, Strong-Gribble filed an answer with the deed of trust attached as an exhibit.[3]

During trial, Strong-Gribble's counsel directed the county court at law to the answer. Counsel asked the county court at law to abate the proceeding because of a pending wrongful foreclosure suit and stated, "We raised the question of the Court's ability to rule if there's an integral question of title that needs to be decided before the question of possession is decided by this Court." The county court at law asked, "What's the evidence that there's a pending issue of title?" Counsel responded, "In our answer we noticed the hearing in district court and the hearing

---

[3] The filing was a "Plea to the Jurisdiction, Motion to Dismiss, Answer, and Plea in Abatement."

in district court raises the question of inadequate notice on the foreclosure sale . . . ."[4]

Strong-Gribble does not deny that the deed of trust was attached to his answer and is in the record. Instead, he argues that it is not evidence because it was not admitted at trial. In a bench trial, we presume the trial court took judicial notice of its record without any request being made and without any announcement that it has done so. *In re K.F.*, 402 S.W.3d 497, 504 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (presuming trial court took judicial notice of order in its file); *see also* Tex. R. Evid. 201(c) ("The court . . . may take judicial notice on its own."). The deed of trust was squarely before the court because it was in the court's record. Moreover, Strong-Gribble's counsel directed the court to the answer, which includes the document.

The evidence before the county court at law presented a sufficient basis to award Latif immediate possession. We overrule Strong-Gribble's sole appellate issue. We affirm the judgment of the county court at law.


/s/    Frances Bourliot
         Justice


Panel consists of Justices Wise, Bourliot, and Spain.

---

[4] The issue of wrongful foreclosure is not before us on appeal. Tex. R. Civ. P. 510.3(e).