**Affirmed and Memorandum Opinion filed May 2, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00588-CV

---

### NITI PROPERTIES, LLC, Appellant

### V.

### JAMES P. ARTHUR, MARY ARTHUR AND ALL OTHER OCCUPANTS, Appellees

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1152397**

---

### MEMORANDUM OPINION

In this forcible detainer action appellant Niti Properties challenges the trial court's judgment dismissing its action for lack of subject-matter jurisdiction. In two issues Niti Properties asserts the trial court erred in determining (1) the issues of title and possession were inextricably intertwined; and (2) the settlement agreement between the Arthurs and their lender invalidated the deed of trust. Concluding that the issues of title and possession are inextricably intertwined, we affirm.

BACKGROUND

In 2006, appellees James Arthur and Mary Arthur, along with the entity Arthur Holdings, LP, were the borrowers or guarantors of a loan by Blackburne & Brown Mortgage Fund I, secured by a deed of trust and assignment of rents on property at 7639 Beechnut St., Houston, Texas 77074 (the Property). These loan documents, and amendments thereto, were the subject of a 2016 lawsuit brought in the 11th District Court in Harris County against Blackburne by the Arthurs and five of their affiliated entities. *Arthur v. Blackburne & Brown Mortgage Fund I*, No. 14-21-00396-CV, 2023 WL 2711379, at *1 (Tex. App.—Houston [14th Dist.] Mar. 30, 2023, no pet. h.). In this forcible detainer action, the Arthurs are appellees.

The 2016 lawsuit concluded with a Settlement Agreement in which the Arthurs agreed to make scheduled payments on specified dates. *Id*. Blackburne and the Arthurs also agreed to the terms of an Agreed Final Judgment to be filed in the event that any of the scheduled payments were not timely made. *Id*. The Agreed Final Judgment would order foreclosure of the Property on the first available date. *Id*.

The Settlement Agreement called for the Arthurs to make a payment of $60,000.00 on June 26, 2016. The Arthurs did not make the payment, and in July 2017, Blackburne filed the Agreed Final Judgment, which the District Court judge signed on August 24, 2017.

On November 5, 2019, Blackburne foreclosed and sold the property to appellant Niti Properties at a trustee's sale. Niti Properties acquired title to the Property pursuant to a Substitute Trustee's Deed executed November 27, 2019.

Thereafter, Niti Properties provided notice to the Arthurs to vacate the property. In response to those efforts, the Arthurs sought and obtained a temporary

restraining order in a separate proceeding in Harris County District Court, which sought to enforce an agreed judgment entered in yet another matter involving the same property. *See generally Paradise Living, Inc. v. Blackburne & Brown Mortgage Fund I*, No. 01-18-00194-CV, 2019 WL 2426168, at \*1-3 (Tex. App.—Houston [1st Dist.] June 11, 2019, no pet.) (mem. op.) (recounting several years of litigation and a settlement agreement leading to the Agreed Final Judgment between the Arthurs and Blackburne). The TRO ordered Blackburne to refrain from foreclosure, eviction, or other action affecting the occupancy of the Property.

The Arthurs failed to vacate the Property, and Niti Properties filed its forcible detainer petition in justice court. Pursuant to the deed of trust Niti Properties asserted a superior right to possession of the property. The justice court rendered judgment in favor of Niti Properties, and the Arthurs appealed to the county court at law. *See* Tex. Civ. Prac. & Rem. Code § 51.001 (permitting a party to a final judgment in justice court to appeal to the county court at law). The county court at law reversed the justice court's judgment and awarded possession to the Arthurs. Niti Properties appealed and this court reversed and remanded to the county court for the court to conduct a trial de novo on appeal from the justice court. *See Niti Properties LLC v. Arthur*, No. 14-20-00770-CV, 2022 WL 220209, at \*5 (Tex. App.—Houston [14th Dist.] Jan. 25, 2022, no pet.) (mem. op.).

On remand the county court determined that it lacked subject-matter jurisdiction because the issue of title was inextricably intertwined with the issue of possession. This appeal followed.

## ANALYSIS

In two issues Niti Properties challenges the county court's judgment of dismissal. In Niti Properties' first issue it asserts the county court erred in determining that the issues of title and possession are inextricably intertwined.

3

## I.     The county court did not err in determining it lacked jurisdiction.

### A.     Standard of Review

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 279 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.) and *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). "[D]ue to the special jurisdictional limitations imposed on justice courts, a plea to the jurisdiction in an eviction case may be based on an affirmative defense raised in the defendant's pleadings that the trial court cannot resolve apart from determining title." *Id*. (quoting *Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 522, 524 (Tex. App.—Fort Worth 2004, no pet.) (defendant raised issue of adverse possession in defensive pleading, and thus, issue of title was so integrally linked that the justice court could not have decided possession without first deciding title).

### B.     Jurisdiction in Forcible Detainer Actions

An action for forcible detainer is a "summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises." *Scott v. Hewitt*, 90 S.W.2d 816, 818 (Tex. 1936); *see also Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). The only issue to be resolved in a forcible detainer action is the right to immediate possession of the property; the merits of title are not adjudicated. *Salaymeh*, 264 S.W.3d at 435. Justice courts do not have jurisdiction to determine or adjudicate title to land, and neither does a county court exercising appellate jurisdiction in a forcible detainer action. *Id*.

When there are issues concerning both title and possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction. *Id*.

at 436. However, when a forcible detainer action presents a genuine issue of title so intertwined with the issue of possession that a trial court would be required to determine title before awarding possession, then a justice court lacks jurisdiction to resolve the matter. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "Accordingly, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession." *Salaymeh*, 264 S.W.3d at 435.

## C.      Landlord–Tenant Relationship and Deed of Trust

A forcible detainer action requires proof of a landlord-tenant relationship. *Espinoza v. Lopez*, 468 S.W.3d 692, 695 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Although such a relationship is not a prerequisite to jurisdiction, the lack of such a relationship indicates that the case may present a title issue. *See Yarbrough*, 455 S.W.3d at 280.

Like the deed of trust in this case, a deed of trust may include a tenancy-at-sufferance clause that creates a landlord-tenant relationship when the property is foreclosed. *See Pinnacle Premier Props.*, 447 S.W.3d at 564–65. Under these circumstances, a defendant's complaints about defects in the foreclosure process generally do not require a justice court to resolve a title dispute before determining the right to immediate possession, and the justice court has jurisdiction. *See id.* at 564.

In this case Niti Properties asserts a right to possession pursuant to the deed of trust, which created a tenancy-at-sufferance in the event of foreclosure:

> 3.22 <u>Possession After Sale</u>. If the Property is sold pursuant to this Article, Grantor or any person holding possession of the Property through Grantor shall immediately surrender possession of the Property

5

to the purchaser at such sale upon the purchaser's written demand. If possession is not surrendered upon the purchaser's written demand, Grantor or such person shall be a tenant at sufferance and may be removed by writ of possession or by an action for forcible entry and detainer.

The Arthurs assert, however, that the Agreed Final Judgment superseded the deed of trust. Because Niti Properties purchased the property pursuant to foreclosure authorized by the Agreed Final Judgment, the Arthurs argue, no landlord-tenant relationship was created.

## D.    The Agreed Final Judgment and the Necessity of Resolving Title

The *Yarbrough* court held that when a party challenges the validity of the deed of trust containing the tenancy-at-sufferance clause, the issue of title is intertwined with the issue of possession. *See Yarbrough*, 455 S.W.3d at 283. In *Yarbrough*, the foreclosure buyer initiated a forcible detainer action in justice court. 455 S.W.3d at 278. The Yarbroughs, who defaulted on the note, instituted a concurrent lawsuit in district court, asserting that the original deed of trust had been forged and, as a result, was invalid. *Id*. at 279. If the deed of trust was invalid, the Yarbroughs argued, then the tenancy-at-sufferance clause conferring jurisdiction on the justice court was also invalid. *Id*. Therefore, resolution of the title dispute, in which the Yarbroughs argued that the deed was deficient as forged, was a prerequisite to resolution of the matter of immediate possession in the forcible detainer suit. *Id*. This court agreed with the Yarbroughs and held that the justice court lacked jurisdiction. *Id*. at 283.

In this case the Arthurs assert that the deed of trust cannot establish a tenancy-at-sufferance relationship between the Arthurs and Niti Properties because the Agreed Final Judgment replaced the deed of trust. This case, therefore, like *Yarbrough*, is more akin to those in which the parties disputed the existence of a landlord-tenant relationship. *See Espinoza*, 468 S.W.3d at 696 (intertwined title issue

6

when parties claimed they were purchasing property, not renting); *Yarbrough*, 455 S.W.3d at 282 (intertwined title issue when party asserted the deed of trust was forged); *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.— Houston [1st Dist.] 1995, writ denied) (intertwined title issue when the defendant claimed the substitute trustee's deed was void and had brought suit in district court to set aside the non-judicial foreclosure sale).

Because the Arthurs contend the Agreed Final Judgment superseded the deed of trust, they have raised a genuine issue of title so intertwined with the issue of possession as to preclude jurisdiction in the justice court. *See Yarbrough*, 455 S.W.3d at 282. Accordingly, the justice court and county court lacked subject-matter jurisdiction. The county court therefore did not err in dismissing for lack of jurisdiction. We overrule Niti Properties' first issue.

## II. The county court lacked jurisdiction to interpret the Settlement Agreement.

In Niti Properties' second issue it asserts the trial court erred in determining that the Settlement Agreement invalidated the deed of trust secured by the property. Niti Properties contends the Settlement Agreement on which the Agreed Final Judgment was based "expressly incorporated the Loan Documents, which included the Deed of Trust containing the tenant at sufferance clause." Niti Properties asserts the trial court erred in "examining the title to the Property and concluding that [Niti Properties] did not have an independent basis for possession of the Property."

To the contrary, the county court determined it lacked jurisdiction to examine title to the property when it dismissed for lack of jurisdiction. Therefore, the county court did not rule on the title issue raised by the Arthurs. The county court lacked jurisdiction to "examine title" as Niti Properties asserts. We therefore overrule Niti Properties' second issue.

## CONCLUSION

Having overruled Niti Properties' issues on appeal we affirm the trial court's judgment of dismissal.

/s/ Jerry Zimmerer
   Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.