**Vacate and Affirm and Opinion Filed November 2, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-22-01368-CV

**PAMELA ANDERSON, Appellant**
**V.**
**PIONEER 1 REALTY INC., Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-05881-E**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Nowell

This is an appeal from a final order in a forcible detainer lawsuit awarding possession of the subject property to appellee, Pioneer 1 Realty Inc. Before the Court is appellee's motion to dismiss the appeal as moot. Appellee recites in the motion that appellant, Pamela Anderson, vacated the subject premises on August 20, 2023, and relinquished possession to appellee. Appellant, who is proceeding pro se, did not respond to appellee's motion.

The county court at law's order in this case states the eviction or forcible detainer lawsuit against appellant is granted and orders appellee take possession of the premises. The order also awards attorney's fees of $1,250 to appellee.

Appellant's challenge to the trial court's order awarding possession of the premises to appellee is moot because appellant relinquished possession of the premises to appellee, and she presents no potentially meritorious claim of right to current, actual possession of the subject premises. *See, e.g., Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 787-88 (Tex. 2006); *Pittman v. JRMV Prop. Investments, LLC*, No. 05-22-01192-CV, 2022 WL 17817961, at *1 (Tex. App.—Dallas Dec. 20, 2022, no pet.) (mem. op.). Because the possession issue is moot, we must vacate the trial court's order awarding possession. *See Brown v. Hawkins*, No. 05-16-01427-CV, 2018 WL 1312467, at *5 (Tex. App.—Dallas Mar. 14, 2018, no pet.) (mem. op.); *see also Bowman v. KWA202, LLC*, No. 02-22-00216-CV, 2023 WL 2607754, at *2 (Tex. App.—Fort Worth Mar. 23, 2023, no pet.) (mem. op.).

Although the issue of possession is moot, issues independent of possession, such as attorney's fees, remain reviewable on appeal. *See Espinoza v. Lopez*, 468 S.W.3d 692, 698 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Heimlich v. Cook*, No. 14-22-00358-CV, 2023 WL 3596264, at *5 (Tex. App.—Houston [14th Dist.] May 23, 2023, no pet.) (mem. op.) (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding)). However, appellant did not

challenge the award of attorney's fees or any other issue independent of possession on appeal.

Accordingly, we vacate the county court's order dated December 2, 2022, as to the right of immediate possession. In all other respects, we affirm the county court's order dated December 2, 2022.

221368f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

PAMELA ANDERSON, Appellant

No. 05-22-01368-CV      V.

PIONEER 1 REALTY INC.,
Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-22-05881-E.

Opinion delivered by Justice Nowell. Justices Molberg and Pedersen, III participating.

In accordance with this Court's opinion of this date, we **VACATE** the county court's order dated December 2, 2022 as to the right of immediate possession. In all other respects, we **AFFIRM** the county court's order dated December 2, 2022.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 2nd day of November, 2023.