

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00053-CV

———————————————

TALEK SHERMAN, Appellant

V.

HILLCREST APARTMENTS, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-000001-1

---

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Talek Sherman, acting pro se, appeals from the county court at law's judgment in a forcible-detainer action granting Appellee Hillcrest Apartments possession of an apartment located in Tarrant County and awarding Hillcrest attorney's fees. Sherman has been evicted from the apartment; thus, the possession issue is moot. But eviction does not moot issues independent of the right to possess the premises (such as an award of attorney's fees). Because (1) the possession issue is moot, (2) Sherman does not challenge the award of attorney's fees, and (3) the nonpossession-related appellate issues raised in Sherman's brief are unpreserved, outside the appeal's scope, and inadequately briefed, we vacate the judgment as to the right of possession and affirm it in all other respects.

## II. BACKGROUND

In April 2024, Sherman, as lessee, entered into an apartment lease with Hillcrest for a term ending on April 30, 2025. Paragraph 11 of the lease, which governed tenant conduct, provided that Sherman agreed to "communicate and conduct [him]self in a lawful, courteous[,] and reasonable manner at all times when interacting with [Hillcrest], [its] representatives[,] and other residents or occupants." Specifically, Paragraph 11 prohibited Sherman from, among other things, engaging in "loud or obnoxious behavior"; "disturbing or threatening the rights, comfort, health,

2

safety, or convenience of others, including [Hillcrest], [its] agents, or [its] representatives"; and "disrupting [Hillcrest's] business operations."

In November 2024, an incident occurred in which Sherman used foul language towards certain members of Hillcrest's staff and threatened them with violence. Because of safety concerns, the police were called to address the situation.

Following this incident, Hillcrest provided Sherman formal, written notice that he had committed multiple violations of Paragraph 11 of his apartment lease and that, based on these violations, it was terminating the lease. Although the termination notice instructed Sherman to vacate the apartment by November 13, 2024, he refused to do so.

Because Sherman refused to surrender possession of the apartment, Hillcrest filed a forcible-detainer suit in the justice court. After Sherman failed to show up for trial, the justice court signed a judgment awarding Hillcrest possession. Sherman then appealed to the county court at law. Following a de novo bench trial, the county court at law signed a judgment awarding Hillcrest (1) possession of the apartment and (2) $1,700 in attorney's fees plus court costs. This appeal followed.

## III. DISCUSSION

### A. The Possession Issue Is Moot

By his own admission, Sherman has been evicted from the apartment.[1]  Thus, as a preliminary matter, we address whether this appeal is moot.

Because "[t]he only issue in a forcible[-]detainer action is the right to actual possession of the premises," *Marshall v. Housing Authority of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006), a forcible-detainer appeal becomes moot upon an appellant's eviction from the property unless (1) the appellant asserts a meritorious claim of right to current, actual possession of the property or (2) damages or attorney's fees remain at issue.  *Martinez v. HD Tex. Invs. LLC*, No. 02-21-00178-CV, 2021 WL 4319709, at *1 (Tex. App.—Fort Worth Sept. 23, 2021, no pet.) (mem. op.); *Gillespie v. Erker*, No. 02-20-00331-CV, 2021 WL 733084, at *1 (Tex. App.—Fort Worth Feb. 25, 2021, no pet.) (mem. op.); *Ratliff v. Homes by Ashley, Inc.*, No. 02-20-00014-CV, 2020 WL 1057320, at *1 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op.).

---

[1]In his briefing, Sherman states that "he is now homeless . . . after being wrongfully evicted."  Specifically, he claims that he "was evicted from his apartment on Feb[ruary] 13, 2025" and that "[l]ess than [twenty-four] hours later, all of his personal belongings were removed from the unit."  Because Hillcrest does not dispute the fact that Sherman has been evicted, we accept it as true.  *See* Tex. R. App. P. 38.1(g) (stating that "[i]n a civil case, the court will accept as true the facts stated [in the appellant's brief] unless another party contradicts them"); *Johnson v. Off. of Att'y Gen. of Tex.*, No. 14-11-00842-CV, 2013 WL 151622, at *1 (Tex. App.—Houston [14th Dist.] Jan. 15, 2013, no pet.) (mem. op.) (recognizing this rule).

Because Sherman has been evicted from the apartment, the possession issue is moot unless he has a meritorious claim of right to current, actual possession of the premises. *See Martinez*, 2021 WL 4319709, at *1; *Gillespie*, 2021 WL 733084, at *1; *Ratliff*, 2020 WL 1057320, at *1. But even if Hillcrest had not terminated the lease, it would have expired by its own terms in April 2025, and Sherman has presented no basis for claiming a right to possession after the lease's expiration. *See Marshall*, 198 S.W.3d at 787. Thus, Sherman's appeal—as it pertains to the possession of the apartment—is moot. *See Devilbiss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *2 (Tex. App.—San Antonio May 30, 2018, pet. denied) (mem. op.).

Because the possession issue is moot, we must vacate the trial court's judgment of possession. *Bowman v. KWA202, LLC*, No. 02-22-00216-CV, 2023 WL 2607754, at *2 (Tex. App.—Fort Worth Mar. 23, 2023, no pet.) (mem. op.); *see Marshall*, 198 S.W.3d at 785–90 (holding that because the "case [wa]s moot . . . the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place"); *Martinez*, 2021 WL 4319709, at *1 & n.3 (similar, quoting *Marshall*). Nevertheless, issues independent of possession—such as attorney's fees—remain reviewable on appeal. *Bowman*, 2023 WL 2607754, at *2; *Espinoza v. Lopez*, 468 S.W.3d 692, 698 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Because the appealed-from judgment awarded Hillcrest attorney's fees and because Sherman raises appellate issues that are independent of Hillcrest's possession claim, we will address his complaints.

**B. Sherman's Issues Are Unpreserved and Inadequately Briefed**

In his briefing, Sherman raises four issues, none of which were raised in the county court at law or relate to the appealed-from judgment of possession. Rather, his appellate issues address the issuance of a temporary restraining order in favor of Hillcrest; Hillcrest's purported violations of Sherman's civil rights, the Health Insurance Portability and Accountability Act (HIPAA), the Americans with Disabilities Act (ADA), and the Fair Housing Act (FHA); and Hillcrest's request to have Sherman declared a vexatious litigant, which Sherman characterizes as an act to "defame[]" and "retaliate[] against" him.[2] Because none of Sherman's complaints

---

[2]Although Sherman's briefing references a temporary restraining order and a motion filed by Hillcrest to have him declared a vexatious litigant, the record does not contain either of these items. In its briefing, Hillcrest explained that it had filed a separate lawsuit seeking a temporary restraining order and temporary injunction against Sherman to prevent him from continuing to return to the apartment complex after the judgment of possession was entered. It further explained that it had filed motions to declare Sherman a vexatious litigant in three separate cases that Sherman filed against Hillcrest and its staff members. Thus, Sherman's complaints concerning the temporary restraining order and the vexatious-litigant declaration are beyond the scope of this appeal. *Cf. U.S. v. Reed*, No. 99-2103, 2000 WL 862835, at *1 (8th Cir. June 29, 2000) (per curiam) (unpublished) (concluding that appellant's argument that government had violated its plea agreement in the case sub judice by "fail[ing] to recommend a sentence 'at the bottom of the applicable guideline range' . . . in a separate case" was beyond the scope of the appeal and should instead be raised in an appeal from the judgment in the other case). Further, after briefing was completed, we received a letter from Sherman stating that his temporary-restraining-order complaint was moot because the order had been dissolved. In any event, because temporary restraining orders are not appealable, *In re Office of Attorney General*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding), we would lack jurisdiction to address Sherman's complaint regarding the temporary restraining order even if it had been entered in this case and had not been dissolved, *see Phillips v. Sugar Creek*

6

were raised in the county court at law and because they are unrelated to the appealed-from judgment, they present nothing for our review. *See* Tex. R. App. P. 33.1; *Shaw v. County of Dallas*, 251 S.W.3d 165, 174 (Tex. App.—Dallas 2008, pet. denied).

Further, because Sherman failed to provide record citations, legal authority, or substantive analysis to support his complaints, even if he had preserved his appellate issues, he would have forfeited them due to inadequate briefing. *See* Tex. R. App. P. 38.1; *Fredonia State Bank v. Gen. Am. Life Ins.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.) (holding that pro se appellant had waived his issues due to inadequate briefing); *Montes v. First Horizon Home Loan Corp.*, No. 05-03-01573-CV, 2004 WL 1506050, at *1 (Tex. App.—Dallas July 7, 2004, pet. struck) (mem. op.) (concluding that appellant had forfeited appellate issues "argu[ing] th[e] suit was not a forcible detainer, challeng[ing] a separate case filed in district court, and complain[ing] the trial court's order requiring [appellant] to file a supersedeas bond was void or voidable" because she had failed to "provide record cites, legal authority, or substantive analysis" to support her arguments); *see also Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) ("A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and

*Apartments*, No. 02-23-00107-CV, 2023 WL 3643674, at *1 (Tex. App.—Fort Worth May 25, 2023, no pet.) (mem. op.).

rules of procedure." (first citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); and then citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied))). Accordingly, we overrule all of Sherman's issues.

As noted, the appealed-from judgment awarded Hillcrest $1,700 in attorney's fees plus court costs. Because Sherman does not challenge this award on appeal, we affirm this aspect of the judgment. *See Anderson v. Pioneer 1 Realty Inc.*, No. 05-22-01368-CV, 2023 WL 7211110, at *1 (Tex. App.—Dallas Nov. 2, 2023, no pet.) (mem. op.); *see also Bowman*, 2023 WL 2607754, at *3 (vacating judgment of possession as moot but affirming award of costs and attorney's fees).

## IV. CONCLUSION

Having concluded that the possession issue is moot and having overruled all of Sherman's nonpossession-related issues, we vacate the county court at law's judgment as to the right of immediate possession and affirm it in all other respects.

/s/ Dana Womack

Dana Womack
Justice

Delivered: October 23, 2025

8